No. 45,939

MICHAEL G. ROHR, by and through Julius Rohr, his Father and Next Friend, *Appellee*, v. WILLIAM F. HENDERSON, *Appellant*.

(483 P. 2d 1089)

Opinion filed April 10, 1971. 

*Norbert R. Dreiling,* of Dreiling and Bieker, of Hays, argued the cause and was on the brief for the appellant.

*Robert F. Glassman,* of Hays, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This appeal involves interpretation of a jury's answers to special questions upon which the trial court rendered judgment for the plaintiff in a suit for personal injuries arising out of a bicycle-automobile collision.

Inasmuch as the parties have stipulated that the jury's answers to the special questions were supported by ample competent evidence, we have little in the record as to the circumstances of the collision. However, we glean that plaintiff, a thirteen year old boy, was riding his bicycle southeasterly on Main street, near its intersection with Twenty-third street, in Hays, Kansas, and while in the process of turning was struck by an automobile driven by the defendant, eighteen years of age, who was driving in a southerly direction on Main street.

The parties went to trial, and the jury was instructed, upon the issues of negligence, proximate cause, contributory negligence and the doctrine of last clear chance. The instructions included the following:

"No. 9

"The plaintiff has also alleged as a basis for recovery against the defendant, the doctrine of Last Clear Chance. Before the plaintiff can recover under this particular doctrine, the following elements must be established:

"(*a*) The plaintiff by his own negligence placed himself in a position of peril from which he could not extricate himself.

"(*b*) The defendant saw the plaintiff in a position of danger, or in the exercise of ordinary care should have seen plaintiff in such position, and by the exercise of ordinary care could have avoided injuring the plaintiff.

"(*c*) The defendant failed to exercise such ordinary care.

"(*d*) As a result of such failure on the defendant's part, the plaintiff was injured.

"If all the conditions just mentioned are found by you to have existed with respect to the occurrence in question, then under such conditions the law

holds the defendant liable for any injury sustained by the plaintiff as a direct result of the occurrence, despite any contributory negligence of the plaintiff.

"No. 10

"You are instructed that all issues of fact for the jury's determination are being submitted to the jury in the form of special questions, to which your answers will be special verdicts and your answers to the special questions will constitute your special verdict under all of the instructions of the court.

"Your answers to these special questions must be reached unanimously by you. When you have completed your answers to these special questions, which answers constitute your verdict, sign them by your foreman and return with them into court.

"No. 11

"A proximate cause of an injury or loss is that cause which in the natural and continuous sequence, unbroken by efficient intervening cause, produces that injury and without which the result would not have occurred.

"There may be more than one proximate cause.

. . . . . . . . . . . . .

"No. 13

"Contributory negligence is conduct which falls below the standard to which an ordinary, prudent person should conform for his own protection and for the protection of property under his charge, and which is a legally contributing cause cooperating with the negligence of the opposing party in bringing about the injury or damage complained of."

No general verdict was submitted to the jury; instead, special verdicts in the form of special questions were submitted under K. S. A. 60-249 (a).

The record on appeal reveals the following occurrence during the trial:

"After going to the jury room for their deliberations at 1:27 P. M. of May 15, 1969, the jury returned to the courtroom at 3:10 P. M. and the following further proceedings were had:

"THE COURT: Gentlemen of the Jury, the bailiff has delivered to the court a message in writing from the jury, signed by the foreman, reading as follows: 'Can question No. 1 and 3 both be answered yes? If so, and if they are both answered yes, does this in itself demand under the law a verdict in favor of the defendant?' Also, 'Please define proximate cause.' Signed by the foreman.

"Now, there are two questions there. I will take the first one first. Gentlemen of the Jury, under the Court's instructions you are to follow all of the Court's instructions and answer the questions in the light of the Court's instructions and the evidence, and the Court will determine any liability, if any, from your answer to all of the special questions. And you will note that I pointed this out, and I will read the last special question, which is No. 6. 'Although the Court will determine liability, if any, from your answers to all the foregoing questions, please state from a preponderance of evidence the amount in money you find will fully compensate the plaintiff, Michael G. Rohr, for the damages sustained by him.'

"You will note that under the Court's instructions and the special questions you are not asked to specifically determine liability, the Court will make that determination, the judge will make that determination from your answers to all of the special questions. And in answering these special questions, you are to follow all of the Court's instructions. Now, I think that answers your first question.

"Now, the second item in the message sent to the court is, 'Please define proximate cause.' Gentlemen of the Jury, that term is defined in the Court's instructions in Instruction No. 11, and I will read instruction No. 11 again. 'A proximate cause of an injury or loss is that cause which in the natural and continuous sequence, unbroken by efficinet intervening cause, produces that injury and without which the result would not have occurred. There may be more than one proximate cause.'

"Possibly you overlooked that definition there, but it is in the instructions —again I will point out Instruction No. 11.

"(The jury then returned to the jury room.)"

The questions submitted to the jury and the answers returned were as follows:

"Special Questions and Special Verdicts

"1. Do you find from a preponderance of evidence that at the place of the collision, the defendant William F. Henderson, was negligent in a manner alleged in plaintiff's petition, which was a proximate cause of the collision?
"Answer: Yes
"(Yes or no)

"2. If you answer the foregoing question 'yes', then state the act or acts of William F. Henderson that constituted such negligence.
"Answer: Failure to reduce speed under prevailing conditions; attempting to overtake and pass under unsafe conditions namely, on a curve and at an intersection.

"3. Do you find from a preponderance of evidence that at the time and place of the collision, the plaintiff Micahel G. Rohr was negligent in a manner alleged in the defendant's answer, which was a proximate cause of the collision?
"Answer: Yes
"(Yes or no)

"4. If you answer the foregoing question 'yes', then state the act or acts of Michael G. Rohr that constituted such negligence.
"Answer: Driving his bicycle on other than the right half of the roadway. Making an abrupt turn without giving any signal.

"5. Do you find from a preponderance of evidence that defendant William F. Henderson had the 'last clear chance' to avoid the collision, as that term is defined in instruction No. 9?
"Answer: Yes
"(Yes or no)

"6. Although the court will determine liability, if any, from your answers to all the foregoing questions, please state from a preponderance of

evidence the amount in money you find will fully compensate the plaintiff, Michael G. Rohr, for the damages sustained by him.

"ANSWER: $6,500.00."

Upon these answers the trial court rendered judgment for plaintiff for $6,500.00. Defendant has appealed.

Appellant's contention is the doctrine of last clear chance is eliminated as a means of recovery upon a specific finding that a plaintiff's negligence was a proximate cause of his injury. He asserts the jury's finding of contributory negligence compels entry of judgment against appellee despite the other findings. Appellee counters with the contention the jury's answers to the special questions when read as a whole and construed in the light of all the evidence presented and the court's instructions are not inconsistent and conflicting but are harmonious with the judgment entered. Appellee relies on familiar cases arising under our former procedural code wherein that rationale was applied in harmonizing a jury's general verdict with its special findings of fact. He argues intent of the jury was clear that his negligence was not a proximate cause so as to defeat recovery. None of the cited cases, however, is applicable because the jury here rendered no general verdict. Indeed, the design of the special verdict procedure is to obtain answers to questions of fact with the knowledge of the jury limited as to whether its findings will favor one side or the other (see *Skidmore v. Baltimore & O. R. Co.*, 167 F. 2d 54). We are not primarily concerned with the jury's intention on the issue of ultimate recovery and have no occasion to resort to evidence and none has been supplied. The judgment must stand or fall on the jury's answers considered in the light of the record.

The doctrine of last clear chance has been frequently approved and applied in this state. Its elements were concisely stated in *Goodman v. Kansas City, M. & S. Rld. Co.*, 137 Kan. 508, 21 P. 2d 322, as follows:

"The doctrine of the last clear chance . . . may be said to be made up of the following elements: (1) Plaintiff, by his negligence, placed himself in a position of danger; (2) that his negligence had ceased; (3) that defendant seeing plaintiff in a position of danger, or by the exercise of due care should have seen him in such position, by exercising due care on his part had a clear chance to avoid injuring plaintiff; (4) that defendant failed to exercise such due care, and (5) as a result of such failure plaintiff was injured." (p. 512.)

The requirement that a plaintiff's negligence must have ceased

was explained in *Letcher v. Derricott,* 191 Kan. 596, 383 P. 2d 533, where we said:

"The use of the phrase 'that plaintiff's negligence had ceased' has caused some confusion. The phrase means, and perhaps the better term is, 'that the plaintiff had, by her own negligence, placed herself in a position of peril from which she could not extricate herself.' If the plaintiff could extricate herself from the danger, and did not do so, her negligence had not ceased. If the plaintiff could not extricate herself from the danger, her negligence had ceased." (p. 600.)

Recently we considered the doctrine in *Sander v. Union Pacific Rld. Co.,* 205 Kan. 592, 470 P. 2d 748, a fatal train-automobile collision case. This too was a situation in which the trial court had rendered a judgment for plaintiffs upon special verdicts in the form of answers to special questions finding the defendant liable under the last clear chance doctrine. The record on appeal contained the evidence, review of which convinced this court plaintiffs' decedents were, as a matter of law, contributorily negligent, such negligence continuing up until the very time of the collision. In reversing the judgment this court stated:

"A fundamental principle of law is that the last clear chance doctrine is inapplicable where plaintiff's contributory negligence continues and is not shown to have ceased. As sometimes stated, there can be no recovery under the doctrine where the negligence of the parties has remained concurrent. [Citations.]" (p. 598.)

In *Ross v. Chicago, R. I. & P. Rly. Co.,* 165 Kan. 279, 194 P. 2d 491, this court considered the negligence of one seeking to recover under the last clear chance theory and said:

"The doctrine of last clear chance is not applicable so long as the plaintiff's contributory negligence continues. Otherwise stated, there can be no recovery under the doctrine where the negligence of the parties has remained concurrent. [Citations.] The reason for this rule is readily apparent when the question is considered from the standpoint of proximate cause. Approaching the doctrine from that point of view as many, but not all, courts do [Citation], where a plaintiff's negligence has ceased, it is regarded as remote and the defendant's negligence which *thereafter* follows is regarded as the proximate cause of the accident. It is thus clear that if the plaintiff's negligence has continued until the time of the accident and, without such negligence, the accident would not have occurred, recovery cannot be had." (p. 286.)

In the instant case, under the instructions and the form of the special questions submitted, the jury necessarily found that appellee's negligence had not ceased. Instruction No. 11 defined proximate cause as that cause which in the natural and *continuous sequence, unbroken by efficient intervening cause, produces that*

*injury and without which the result would not have occurred.* It further stated there may be more than one proximate cause. Instruction No. 13 included proximate causation as an element of the term *contributory negligence.* Special question No. 3 also embodied the element of proximate cause so that the jury's affirmative answer thereto found plaintiff was negligent as alleged, "which [negligence] was a proximate cause of the collision". The jury's concern with the factor of proximate cause as well as the issue of ultimate recovery is reflected in its questions to the trial court during its deliberations.

Appellant objected to the giving of any instruction on last clear chance on the ground there was no evidence in support of that doctrine. Appellant also objected, unsuccessfully, to the form of the special questions on the ground inconsistent answers were possible under them, albeit his challenge was directed toward a situation other than that which actually ensued. The problem now seems to stem from the form both of the instructions and of the special questions but apparently appellee made no objection to either. Instruction No. 9 authorized recovery under the doctrine of last clear chance even though the appellee's negligence contributed to the collision. Under our decisions we are compelled to criticize and disapprove the use of the term *contributory* in the last phrase of the quoted instruction No. 9, ". . . despite any contributory negligence of the plaintiff", as being an incorrect statement of law under the cited authorities. Except for this defect, the instruction gave directions to the jury appropriate for its determination by way of general verdict of the issue of ultimate recovery for appellee, but the instruction was not as appropriate for the jury's use when confined to answering special questions. Special question No. 3 compounded the problem by embodying in the same question and answer both the appellee's negligence and the element of proximate cause. No effort was made to separate the two, as might have been done, and the jury was required to answer all questions in the form submitted.

Despite any intention on the part of the jury as to who should prevail, the judgment must be reversed because of the clear finding that appellee's negligence was a proximate cause of the collision, and we so hold.

A question remains as to further disposition of the case upon

reversal, that is, should judgment be rendered for appellant or should new trial be ordered? We have no precedent of our own. The general principles respecting federal rule No. 49 (*a*), the counterpart of our K. S. A. 60-249 (*a*), appear to be, a jury's findings on the essential issues submitted by way of special verdicts must be certain and definite, and must not be conflicting or inconsistent; in determining whether there is inconsistency in the findings, the findings are to be construed in the light of the surrounding circumstances and in connection with the pleadings, instructions and issues submitted; if the answers in respect to the controlling facts are inconsistent, a judgment should not be rendered but a new trial should be ordered; inconsistency in the findings does not preclude entry of a judgment if, as a matter of law, under no phase of the jury's findings and in no contingency could any other judgment be entered; if the jury finds the controlling facts, and there is no inconsistency or contradiction, the appropriate judgment should be entered (see 2B Barron & Holtzoff, Federal Practice and Procedure, [Rules Ed.] § 1057). We approve and adopt these principles.

Further refinement of judicial duty may be found in the following language in *A. & G. Stevedores v. Ellerman Lines,* 369 U. S. 355, 7 L. ed. 2d 798, 82 S. Ct. 780, rehearing den. 369 U. S. 882, 8 L. ed. 2d 284, 82 S. Ct. 1137:

"Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment." (p. 364.)

The answers in controversy here are No's. 3 and 5. No. 3 stated appellee was guilty of negligence which was a proximate cause of the collision. No. 5 related to the last clear chance doctrine, as that term was defined in instruction No. 9. As already discussed instruction No. 9, albeit improperly, authorized recovery even though appellee's negligence contributed to the collision. So considered, the answers to questions No. 3 and 5 are not inconsistent. The inescapable fact is that appellee remains convicted of negligence which was a proximate cause of the collision. Hence recovery is barred even though appellant was also negligent and judgment must be rendered for appellant.

The judgment is reversed with directions to enter judgment for appellant.

APPROVED BY THE COURT.

FATZER, J., concurring in part and dissenting in part: This case is an excellent example of the classical statement that ". . . the history of special verdicts is a 'rocky road strewn with innumerable wrecks.'" (James, Civil Procedure, § 7.15, p. 294.) The wreck here resulted from the district court's own special questions, combined with erroneous Instruction No. 9. I concur in the court's reversal of this case, but must respectfully dissent from its order directing that judgment be entered in favor of the appellant.

Special findings are to be liberally construed on appeal and interpreted in the light of testimony with the view of ascertaining their intended meaning. (*Bott v. Wendler*, 203 Kan. 212, 218, 453 P. 2d 100.) In view of all the facts and circumstances disclosed in the record, the district court's interpretation and approval of the special verdict and the entry of judgment thereon, and erroneous Instruction No. 9, the case should be remanded to the district court with directions to sustain the defendant's alternate motion to set aside the answers to the jury's special verdict, and grant a new trial.

FONTRON and FROMME, J J., join in the foregoing concurring and dissenting opinion.