**Roland V. COLGROVE, Petitioner,**

v.

**Hon. James F. BATTIN, United States Distict Judge for the District of Montana, Billings Division, Respondent.**

**No. 71–2546.**

United States Court of Appeals, Ninth Circuit.

March 6, 1972.

Roland V. Colgrove, Miles City, Mont., Lloyd J. Skedd, Helena, Mont., for petitioner.

Cale Crowley, of Crowley, Kilbourne, Haughey, Hanson & Gallagher, Dale F. Galles, of Harwood, Galles, Gunderson & Beiswanger, Billings, Mont., for respondent.

L. Morris Ormseth, of Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for real party in interest.

Before MERRILL, DUNIWAY and TRASK, Circuit Judges.

MERRILL, Circuit Judge.

Pursuant to the authority of Rule 83 of the Federal Rules of Civil Procedure,[1] the District Court for the District of Montana promulgated its local Rule of Procedure 13(d)(1), effective September 1, 1971:

"A jury for the trial of civil cases shall consist of six persons * * *."

In Civil Case No. 783 in the District Court for the District of Montana, petitioner, as plaintiff, sought a jury trial. Respondent District Judge, over the objection of petitioner that he was entitled to a jury of twelve, ordered that trial be to a jury of six persons, pursuant to the new local rule. Petitioner, by these proceedings seeking a writ of mandamus, challenges the validity of that rule. The defendant in Civil Case No. 783 has appeared in these proceedings, aligning itself with the position of petitioner.

The challenge to the District Court rule is primarily on three levels:

█ 1. It is contended that the rule violates the Seventh Amendment to the Constitution of the United States.[2]

We conclude otherwise.

In Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the Supreme Court held that the Sixth Amendment does not guarantee a right to a jury of twelve in criminal cases. While the question of whether this conclusion should apply to civil cases under the Seventh Amendment was reserved by the Court, 399 U.S. at 92 n. 30, 90 S. Ct. at 1901, the reasons given for the holding seem to us to apply with equal force to the Seventh Amendment. That amendment does, it is true, refer to the common law. It does not, however, purport to define the jury or trial by jury in terms of the common law.

█ 2. It is contended that the local rule cannot stand in light of 28 U.S.C. § 2072, the statute which authorized promulgation by the Supreme Court of the Federal Rules of Civil Procedure.[3]

We conclude otherwise.

Here we are confronted with the phrase "right of trial by jury as at common law." This language upon its face would appear to deny to the Supreme Court authority to dispense with any characteristics of the jury or of trial by jury known to the common law. This would indeed be a sweeping limitation. The Congress has, it is true, dealt extensively with the jury system. 28 U.S.C. § 1861 et seq. It is hardly conceivable, however, that it was felt that the Supreme Court should not be allowed initially to move in interstitial areas save in accordance with perhaps archaic common law procedures.[4]

An historical inquiry suggests that the language in question was included in the predecessor statute, Act of June 19, 1934, ch. 651, § 2, 48 Stat. 1064, in an-

1. Rule 83 provides in part that:
    "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules."

2. U.S.Const., amend. VII:
    "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

3. This section provides in part:
    "Such rules shall not abridge, enlarge or modify any substantive right and

shall preserve the right of trial by jury as at common law and as declared by the Seventh Amendment to the Constitution."

4. Cf. Byrne v. Matczak, 254 F.2d 525, 528–529 (9th Cir.), cert. denied, 358 U.S. 816, 79 S.Ct. 24, 3 L.Ed.2d 58 (1958), where the court determined (though in response to a constitutional attack) that a district judge had discretion to order dispersal of the jury overnight despite the fact that "the allowance of a dispersal is contrary to the old common law." The court ruled that "fair new procedures, which tend to facilitate proper fact finding, are allowable, although not traditional." 254 F.2d at 529.

ticipation that the forthcoming rules would unite law and equity and to assure that with such union the right of trial by jury would be neither expanded nor contracted. 5 Moore's Federal Practice ¶ 38.06 at 44 (2d ed. 1971). *See also* House Rep. No. 1829, 73rd Cong., 2d Sess. (1934).

■ We construe the language in question in accordance with this position. In our view, *"as at common law"* in this context means *"in those cases in which the right existed* at common law." The parallel inclusion in § 2072 of the phrase "as declared by the Seventh Amendment" serves to assure that the essence of the right to trial by jury itself will be maintained in appropriate cases governed by the federal rules.[5] Each phrase then serves an important but distinct purpose.

■ 3. It is contended that the rule is inconsistent with Rules 38(a) [6] and 48,[7] Federal Rules of Civil Procedure, and thus violates Rule 83, *supra*, as quoted in note 1.

We conclude otherwise.

As to Rule 38(a), our discussion of the Seventh Amendment applies.

Rule 48 must, we feel, be read in light of the fact that at the time of promulgation a jury of twelve was the only jury known to the federal law and was thought to be constitutionally required.[8]

The rule as promulgated thus provided means for obtaining a less cumbersome fact-finding body than was otherwise provided by law by allowing the parties in a civil trial together to waive their individual rights to a jury of a certain size.[9] To read it to provide means for enlarging the jury, i. e., as an affirmative grant of a *right* to the parties to demand more than the law otherwise requires, is to stand it on its head.

Judge Devitt, Chief Judge of the United States District Court for the District of Minnesota, writing on the subject of the six-man jury in federal courts, states with reference to Rule 48:

"This rule was adopted before the *Williams* decision and was drafted in the light of the then long established constitutional interpretation, see Thompson v. Utah, [170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898)], that a jury must consist of 12 members. But an inference that Rule 48 now requires a jury of 12 absent a stipulation is, in my view, not a proper post-*Williams* interpretation of the Rule." Devitt, The Six Man Jury in the Federal Court, 53 F.R.D. 273, 274 n. 1 (1971).

Such apparently is also the view of the many district courts which have now adopted rules similar to that of the Montana District Court.[10]

Writ denied.

---

5. *Cf.* Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 10, 61 S.Ct. 422, 425, 85 L.Ed. 479 (1941). (If under the predecessor of § 2072 "the rules are to prescribe a single form of action for cases at law and suits in equity, the *constitutional right to jury trial inherent in the former* must be preserved.") (emphasis supplied).

6. Rule 38(a):
"The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

7. Rule 48:
"The parties may stipulate that the jury shall consist of any number less than twelve or that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury."

8. See the discussion in Williams v. Florida, 399 U.S. 78, 90–92, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).
   We note that Fox v. United States, 417 F.2d 84, 89 (5th Cir. 1969), cited Rule 48 for the proposition that the verdict in federal civil trials must in the absence of stipulation be given by twelve jurors. This decision, however, was rendered prior to Williams v. Florida, discussed in text, and thus quite understandably saw Rule 48 as reflecting the then-established view that a party who did not choose to stipulate to a lesser number was entitled to trial by a jury of twelve.

9. *Cf.* 5A Moore's Federal Practice 2152 (2d ed. 1971).

10. *See, e. g.,* Devitt, The Six Man Jury in the Federal Courts, 53 F.R.D. 273, 277 n. 5 (1971).