Mrs. Yvonne Reed LEGER, Individually and as Tutrix of Her Minor Children, Cyrus Joseph Leger, Gerald Lynn Leger and Rena Elaine Leger

v.

**WESTINGHOUSE ELECTRIC COR-PORATION**

and

Liberty Mutual Insurance Company and Cities Service Oil Company et al., Third-Party Defendants.

Civ. A. No. 15215.

United States District Court, W. D. Louisiana, Lake Charles Division.

April 12, 1972.

W. D. Atkins, Jr., Lafayette, La., for plaintiffs.

J. J. Davidson, Jr., R. W. Farrar, Jr., Edmund E. Woodley, Thomas W. Sanders, William R. Tete, Lake Charles, La., for defendants.

EDWIN F. HUNTER, Jr., District Judge:

After a lengthy and hotly contested trial, the jury found for the defendant. We are faced with an undiscriminating array of claims of error. All have been considered. Two are of substance.

Do the Seventh Amendment or the Federal Rules require a jury of twelve in civil cases? The United States Court of Appeals for the Ninth Circuit, on March 6, 1972, answered in the negative. (Colgrove v. Battin, 456 F.2d 1379). The identical issue has been argued and submitted to a panel of the Fifth Circuit in a case appealed from this division and district. While awaiting that decision we reach the same conclusion as the Ninth Circuit.

The second substantial allegation of error involves two conversations, between a claims supervisor of Liberty Mutual Insurance Company and a juror, who subsequently became the jury foreman. Court and counsel have interrogated the participants. The testimony

is in the record.[1] There was no discussion of the case. The claims supervisor did not deliberately seek out the juror. The testimony is completely bare of any evidence to the effect that there was anything clandestine or planned in these conversations. We do not believe that these conversations affected the jury verdict.

The Court had instructed the jurors at the outset not to discuss the case either among themselves or with anyone else during the course of the trial,[2] but in fairness to the parties, the Court gave no admonition against casual conversations. As defendant says in his brief, this is demonstrated by the fact that the juror indicated that he had also had a casual conversation with the husband of plaintiff's counsel's secretary. If it were not for United States v. Harry Barfield Co. (5th Cir., 1966), 359 F. 2d 120, we would state that "the rule with regard to such contacts is that they provide a ground for a new trial only if the party acts with an improper motive, or if the case is discussed and the misconduct was prejudicial to one of the parties to the action." However, in my judgment the Fifth Circuit, in utilizing this language:

"The taxpayer argues and the court concluded that no harm was done by this activity. The juror did testify that he was not influenced, and it would no doubt be difficult to have a juror admit that he was influenced by such an approach. The average person might sincerely believe that he

was not influenced, and the juror here may not have been influenced. However, if the occurrence is such as to be so inherently unfair as to reflect on the jury system, we think a mistrial should be declared or, as the matter was handled by the court here, a new trial should be granted. Over and above the rights of the litigants, the jury system could not long survive abuse of the type here made out,"

set up a standard which requires a new trial under the circumstances of this case, unless Rule 61 covers a situation like this.

Plaintiffs, to say the least, have a difficult case against Westinghouse and its insurer. We did submit the issues to the jury on our (then) opinion that a jury issue had been developed. Upon reflection, if plaintiffs had prevailed a judgment n. o. v. may have been appropriate. If this is true, then anything said to a juror could not have affected the quantum of the evidence. It is too late now for a judgment n. o. v. to be filed, but much of the magic surrounding the Rule 50(b) procedure results from the Seventh Amendment's prohibition on re-examining facts found by the jury. Rule 61 should also be read with that prohibition in mind. If the jury in this case has reached, in the Court's view, the only permissible result, nothing that passed between the claims supervisor and the juror could have altered the result. To be more precise, if plaintiffs' case should fail because there is no legal or factual basis for a plaintiffs'

---

1. (a) The claims supervisor was seated at the defense counsel table during the entire trial; (b) the first conversation lasted about five minutes and was in the presence of others; (c) the second conversation took place in the coffee room adjacent to the courtroom and lasted for a period of thirty minutes. This latter conversation transpired from 9:00 A.M. to 9:30 A.M. prior to the opening of court on that day. They talked about such things as The Texas Company, the hurricane, antiques, etc.

2. Subsequent to this incident the Court instructed the jurors as follows: "Though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse, whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors."

verdict, then I do not comprehend how anything said to a juror affected their substantial rights.

Accordingly, before entering a final order, the Court affords Westinghouse counsel a ten (10) day period of time to file any memorandum they might wish in support of what would have been a motion for a judgment n. o. v., had the verdict been the other way.

