No. 46,627

GINGER LEE BOURNE and ROBERT LEE BOURNE, by Their Mother and
Next Friend, JUANITA L. BOURNE, and JUANITA L. BOURNE, In-
dividually, *Appellees,* v. THE ATCHISON, TOPEKA AND SANTA FE
RAILWAY COMPANY, A Corporation, *Appellant.*

(497 P. 2d 110)

Opinion filed May 6, 1972.

*Roth A. Gatewood,* of Topeka, argued the cause, and *J. B. Reeves, J. W.
Dillingham* and *T. R. Conklin,* of Topeka, were with him on the brief for the
appellant.

*Marian M. Burns,* of Lyndon, argued the cause, and *Clyde M. Burns,* of
Lyndon, was with her on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an action to recover damages for the wrong-
ful death of Derald L. Bourne. The suit was brought by Juanita
L. Bourne, his widow, individually and as the mother and next
friend of their two children, Robert Lee and Ginger Lee Bourne.
Derald L. Bourne was killed at a rural railroad crossing in Osage
County, Kansas, on March 1, 1969, when the truck in which he was

riding and a passenger train of the Atchison, Topeka and Santa Fe Railway Co. collided at the crossing.

The record discloses that the action was filed on August 20, 1969. The case was set for trial on September 20, 1971, by a Notice of Assignment for Jury Trial issued by the clerk of the District Court of Osage County on August 10, 1971. Accompanying the notice was a special notice issued by the clerk directing counsels' attention to Rule 4-7 of the Fourth Judicial District. This rule provided as follows:

"4-7 JURY NUMBER

"In all misdemeanor and civil cases the jury shall consist of the number of six. The parties will be deemed to have stipulated thereto unless written motion requesting an order for a greater number of jurors shall have been filed and served for a hearing at least ten days before the date assigned for trial." (Adopted July 21, 1971.)

On August 23, 1971, the defendant railway company filed its Motion for Twelve Jurors. The motion was argued and overruled on September 2, 1971. The trial of this suit commenced on September 20, 1971, before a jury consisting of six members. Following the selection of the jury the railway company moved for a mistrial predicated on the lack of 12 jurors which motion was overruled. The railway company moved for a mistrial on the same grounds at the close of all of the evidence on September 21, 1971. This motion was likewise overruled. The six-member jury returned a sizeable verdict against the defendant. Following the rendition of the verdict and the entry of judgment thereon on September 22, 1971, the railway company filed a motion for a new trial alleging among other trial errors that it had been denied its statutory right to a trial by 12 jurors as provided by the laws of the state of Kansas. The defendant's motion for a new trial was argued and overruled on October 13, 1971. A timely notice of appeal was filed to this court.

In order to focus the attention of the court on this one issue of the denial of the right to a jury of 12 members, all other trial errors were abandoned by the appellant in this appeal. The basic question presented on this appeal is whether the district court by Rule 4-7, as interpreted and applied by the district court, may direct that a civil case be tried before a jury of six members when the parties did not stipulate to a jury of six members and when one of the parties by motion specifically demanded a jury of 12 members.

The case has been ably briefed and argued by counsel for both

sides. The case presents an issue of first impression before this court—a question of great importance to the people of this state and one involving significant considerations of public policy and the administration of justice in Kansas.

At the outset it should be emphasized that the parties have not raised any constitutional issues arising either under the Constitution of the United States or the Constitution of the State of Kansas. Both parties concede the power of the state legislature to make reasonable regulations as to the practice and procedure in civil cases involving jury trials, including the power to declare the number of members to constitute a jury in the trial of civil cases. This is true so long as the right to a jury trial is not seriously impaired. In this regard both parties cite and rely on the decision of the Suprme Court of the United States in *Williams v. Florida*, 399 U. S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893.

Before considering the various contentions of the parties it would be helpful to look at some of the provisions of the Kansas law pertaining to the right of trial by jury. The right of trial by jury is provided for in the Constitution of the State of Kansas in Section 5 of the Bill of Rights which declares as follows:

"§ 5. Trial by jury.
"The right of trial by jury shall be inviolate."

K. S. A. 60-238 provides a statutory right to trial by jury as follows:

"60-238. Jury trial of right.
"(a) *Right preserved.* The right of trial by jury as declared by section 5 of the bill of rights in the Kansas constitution, and as given by a statute of the state shall be preserved to the parties inviolate."

Other sections of K. S. A. 60-238 permit a party to demand a trial by jury and provide that the failure to serve the demand for a jury constitutes a waiver of the right to trial by jury.

K. S. A. 1971 Supp. 60-248 provides as follows:

"60-248. Jury trial procedure.
"(a) *Stipulation as to number.* The parties may stipulate that the jury shall consist of any number less than twelve (12) or that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury."

It should be noted that as of this time there is no provision in either the Kansas Constitution or the Kansas Statutes which

declares specifically the number of persons to constitute a jury in civil cases tried in the district court.

Since the beginning of statehood the legislature has from time to time enacted statutes declaring with particularity the number of persons necessary to constitute a jury in different types of cases in different courts in this state. In G. S. 1868, Chapter 54, Sections 9 and 21, reference is made to the drawing of 12 persons to serve as petit jurors. Prior to the enactment of K. S. A. 60-248 by the 1963 legislature, G. S. 1949, 60-2907, was in effect from 1909 to 1964 and provided that in civil cases after the jurors are passed for cause and preemptory challenges have been exercised *the remaining 12* shall constitute the jury to try the cause.

The justice court procedure in Kansas provided for trial by a jury of six in all civil actions in justice court unless the parties agreed on a lesser number. This was governed by G. S. 1949, 61-816, which was in effect from 1949 until 1969 when the Code of Civil Procedure before Courts of Limited Jurisdiction was enacted. The present statute governing civil procedure in courts of limited jurisdiction provides for a six-member jury and for agreements for a lesser number (K. S. A. 1971 Supp. 61-1716 [c].) Civil juries in county courts consisted of six members unless request was made in writing by either party for 12 jurors according to K. S. A. 20-812 until that statute was repealed and replaced by K. S. A. 1971 Supp. 61-1716.

The legislature has specifically provided for the trial of felony cases in district court to a 12-member jury both in our old code of criminal procedure (K. S. A. 62-1412) and in our new code of criminal procedure (K. S. A. 1971 Supp. 22-3403.) Under K. S. A. 22-3403 (2) the parties may agree in writing at any time before the verdict, with the approval of the court, that the jury shall consist of any number less than 12. Under the new criminal code the trial of misdemeanor cases in the district court shall be in the same manner provided for the trial of felony cases, but a jury in a misdemeanor case tried in a state court other than the district court must consist of six members unless the defendant requests a jury of 12 or another number is agreed upon by the parties. (K. S. A. 1971 Supp. 22-3404.) All of these statutory provisions are cited to show that historically the legislature has customarily declared the number of persons to constitute a petit jury in our state courts.

With these constitutional and statutory provisions in mind let us turn to the contentions of the parties. Counsel for the appellant contends in substance that the legislature has the power to establish the number of jurors by statute and that under the provisions of K. S. A. 1971 Supp. 60-248 (*a*), it is the legislative intent that litigants in civil cases in district court be entitled to a jury of at least 12 members unless there is an agreement or stipulation to the contrary. It is further contended that statutory provisions for the number of jurors are binding upon the courts. The rationale is that the right of trial by jury is a fundamental right having its origin in the mists of the past in the common law and which has traditionally been protected and regulated by constitutional and statutory provisions. Hence it is argued that the district court committed prejudicial error in compelling the appellant to go to trial before a six-member jury over its objection contrary to the provisions of a controlling statute.

The appellees contend that Rule 4-7 of the Fourth Judicial District is not contrary to any statute of the state of Kansas nor is it contrary to Rule 119 or any other rule of this court. The argument is made that although the legislature has the power to regulate the number of jurors required in civil cases it does not have the exclusive power to do so. Appellant calls our attention to K. S. A. 60-2607 which declares that the Supreme Court shall have the power to amend the provisions of the Code of Civil Procedure and also to K. S. A. 60-267 which grants to the district courts of Kansas the power to make rules governing practice in particular judicial districts in any manner not inconsistent with the civil code and other rules prescribed by the Supreme Court. The thrust of the argument of appellees is that since neither the legislature nor the Supreme Court has specifically provided for the number of jurors in civil actions in district court, the district court may fill the vacuum by a specific rule in this area under the authority of K. S. A. 60-267. It is further urged that Rule 4-7 of the Fourth Judicial District regulates practice in that judicial district in a manner which is not inconsistent with the Kansas Code of Civil Procedure. Appellees emphasize the desirability of a six-member jury in civil cases because of the substantial financial savings it will effect, especially in view of the recent doubling of the per diem paid for jurors in this state from $5 to $10 per day. (K. S. A. 1971 Supp. 43-

171.) It is urged that a six-member jury will expedite the trial of civil jury cases in district court in addition to the substantial monetary savings in jury costs.

We turn now to a resolution of the problem which is before us. We hold that Rule 4-7 of the Fourth Judicial District as interpreted and applied by the district court of Osage County is contrary to the provisions of K. S. A. 1971 Supp. 60-248 (*a*) and that therefore the district court erred in compelling the appellant to submit to a trial of a jury of six when appellant had expressly requested a jury of 12 members and had not stipulated to a jury of less than 12 members.

The right of trial by jury is a substantial and valuable right and should never be lightly denied. The law favors trial by jury, and the right should be carefully guarded against infringements. (*Gard v. Sherwood Construction Co.,* 194 Kan. 541, 400 P. 2d 995.) Our decisions have always recognized that the state has an interest in the subject of trial by jury as a matter of public policy. (*State v. Ricks,* 173 Kan. 660, 250 P. 2d 773.) The state has declared its policy on the subject not only by the decisions of its courts but also through acts of the legislature.

We recognize and approve the current movement to improve procedures in the area of judicial administration so that the courts may serve the people more efficiently and less expensively. Nevertheless, the constitutional provision for trial by jury is not directed at trial efficiency, but to protect the individual from oppression. (*Hasty v. Pierpont,* 146 Kan. 517, 520, 72 P. 2d 69.) As we stated in the beginning the legislature may make any reasonable regulations as to the practice and procedure in civil cases involving jury trials as long as the right to a jury trial is not materially imparied. Pursuant to this power the legislature has by statute expressed the public policy of this state in this area. See for example K. S. A. 1971 Supp. 43-155 through 43-172 where the public policy of this state is declared to be that jury service is the solemn obligation of all qualified citizens and where the legislature established comprehensive rules governing the selection, qualifications and exclusion of prospective jurors and other procedures governing jury service.

The parties in this case agree that the legislature has the power to regulate the number of jurors required in civil cases in district court. The problem presented is whether the legislature by statute has in fact prescribed any mandatory number of jurors in a civil

case. We hold that the obvious intent of K. S. A. 1971 Supp. 60-248 (*a*) is simply that litigants in the district court are entitled to have their cases tried by a jury of not less than 12 members unless there is a stipulation by the parties to the contrary. To hold otherwise would make the language of K. S. A. 1971 Supp. 60-248 (*a*) meaningless. Why require a stipulation unless some valuable right is being waived or given up? A stipulation has been defined as an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys. (*Bodle v. Balch,* 185 Kan. 711, 714, 347 P. 2d 378.) Stipulations are ordinarily entered into for the purpose of avoiding delay, trouble or expense. In the absence of withdrawal with consent of the court, stipulations made by parties or their attorneys in a judicial proceeding are binding upon those who made them. If the legislature had not intended to require 12-member juries as a matter of statutory right, there would have been no reason to require a stipulation in order for a jury to consist of some number less than 12.

Prior to *Williams v. Florida,* supra, we all assumed that trial by jury meant a trial by a jury of 12 members. Such a conclusion was based largely upon language used by the Supreme Court of the United States in *Thompson v. Utah,* 170 U. S. 343, 42 L. Ed. 1061, 18 S. Ct. 620. Both *Thompson* and *Williams* which overruled *Thompson,* were criminal cases where the right of trial by jury under the Sixth Amendment was involved. This court relied upon *Thompson* in *State v. Simons,* 61 Kan. 752, 60 Pac. 1052, where we held that the common law requires a jury of 12 for a trial of issues of facts in criminal cases in courts of record. We think it crystal clear that K. S. A. 1971 Supp. 60-248 (*a*) was enacted by the legislature with the purpose that all litigants in civil cases in district court be entitled to a jury of 12 members as a matter of right which could be denied only by agreement or stipulation of the parties. This view was also the prevailing view as applied to cases tried in the United States District Courts. (Wright and Miller, Federal Practice and Procedure: Civil § 2491.) In the discussion in Wright and Miller the authors point out that in the months following the *Williams* decision a great many districts adopted local rules providing for a jury of fewer than 12—usually six—in some or all civil cases. The Judicial Conference of the United States has endorsed the use of six-man juries in civil cases. The authors raise questions about the validity of the local rules, pointing out that local rules

inconsistent with the Federal Rules of Civil Procedure are invalid and that Federal Civil Rule 48 allowing the parties to stipulate for a jury of fewer than 12 certainly presupposes that in the absence of a stipulation there will be 12 jurors. It is worthy of note that in 1971 the newly-reconstituted Advisory Committee on Civil Rules informed the Judicial Conference of the United States that it believed that any change in the size of the jury in federal civil actions should be made by legislation rather than by exercise of the rulemaking power.

On March 6, 1972, the United States Court of Appeals for the Ninth Circuit upheld a local rule of procedure adopted by the United States District Court for the District of Montana which provided that a jury for the trial of civil cases shall consist of six persons. (*Colgrove v. Battin,* 456 F. 2d 1379.) In *Colgrove* the court held that the *Seventh Amendment to the United States Con-*stitution which applies to civil cases does not require a jury of 12 members and further that the local rule was not inconsistent with Rule 48 of the Federal Rules of Civil Procedure which is practically identical with K. S. A. 1971 Supp. 60-248 (*a*). This decision adds strength to the position of the appellees in the case at bar.

Since the *Williams* case there has been much discussion through-out the United States in regard to the desirability of a six-man jury in civil cases. See for example in favor of the six-man jury the following: The memorandum of Chief Judge Arthur J. Stanley, Jr. in regard to the Local Court Rule Providing for Juries of Six Members in Civil Cases in the United States District Court for the District of Kansas dated March 19, 1971; Wiehl, *The Six Man Jury,* 4 Gonzaga L. Rev. 35, 38-39 (1968) at 40-41; Tamm, *The Five-Man Civil Jury: A Proposed Constitutional Amendment,* 51 Geo. L. J. 120, 128-130 (1962), at 134-136; Cronin, *Six-Member Juries in District Courts,* 2 Boston B. J. 27 (1958); *Six-Member Juries Tried in Massachusetts District Court,* 42 J. Am. Jud. Soc. 138 (1958); *New Jersey Experiments with Six-Man Jury,* 9 Bull. of the Section of Jud. Ad. of the ABA (May, 1966); Phillips, *A Jury of Six in All Cases,* 30 Conn. B. J. 354 (1956); Devitt, *The Six Man Jury in the Federal Court,* 53 FRD 273 (1971). Some of the articles which take a position opposed to a six-man jury are as follows: Zeisel, *The Waning of the American Jury,* 58 American Bar Association Journal 367; Justice Walter R. Hart, *Long Live the American Jury,* 1964; *The United States Jury System: Pros and*

*Cons: The Question of Curtailing the Size and Use of Juries.*
Congressional Digest 193-225 (Aug.-Sept. 1971); Ziesel, *And Then
There Were None: The Diminution of the Federal Jury,* 38 U. of
Chi. L. Rev. 710 (1971); *Defendant's Right to a Jury Trial—Is Six
Enough?* 59 Ky. L. J. 997 (1970-1971).

In arriving at our decision in this case we hold that the invalidity
of Rule 4-7 lies not in the rule itself but in the manner in which
it was interpreted and applied by the district court in the case at
bar. We note that similar rules regulating the number of jurors in
civil cases have been adopted by the 21st Judicial District and by
the 11th Judicial District of the State of Kansas. There is nothing
which prevents the district court from encouraging the use of a
six-member jury in the trial of civil cases. We find nothing in the
Kansas Code of Civil Procedure which precludes the district court
from adopting a rule such as Rule 4-7 which declares that the
parties will be deemed to have stipulated to a six-man jury unless
written motion or notice requesting a greater number of jurors is
filed within a certain time before the date the case is scheduled
for jury trial. We consider this a matter of sound judicial admin-
istration. What we have proscribed in this decision is compelling
a party in a civil case to try his case before a jury of less than
12 members in the absence of a stipulation to that effect.

In this case the trial court in interpreting and applying its local
rule has compelled the appellant to submit to trial by a jury of
six members over its objection. The appellant has been denied a
substantial statutory right. This case is reversed and remanded to
the trial court for a new trial before a jury of 12 members.