No. 46,966

Barbara Southard, *Appellee*, v. Pedro Lira, *Appellant*.

(512 P. 2d 409)

Opinion filed July 14, 1973.

*Charles L. Davis, Jr.,* of Gray, Freidberg, Davis and Unrein, of Topeka, argued the cause, and *Michael J. Unrein,* of the same firm, was with him on the brief for the appellant.

*Marian M. Burns,* of Burns and Burns, of Lyndon, argued the cause, and *Clyde M. Burns,* of the same firm, was with her on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a personal injury action brought by the passenger of one automobile against the driver of another automobile. The plaintiff-passenger was Barbara Southard who will be referred to as the plaintiff or appellee. The defendant-driver was Pedro Lira who will be referred to as the defendant or appellant. The case was tried to a six-member jury and resulted in a verdict in favor of the plaintiff in the amount of $15,000. The defendant has appealed to this court.

The facts in the case are not in dispute and essentially are as follows: Barbara Southard lives in Waverly, Kansas, and works at Osage City. Marie Smith also lives in Waverly and works at Osage City. For approximately eight or nine months prior to the accident Marie Smith had been driving plaintiff to work. The plaintiff had had surgery and also her car was not working. Plaintiff paid Mrs. Smith a dollar per day for the ride. On December 9, 1969, Marie Smith was driving her vehicle in a westerly direction on highway K 31 toward Osage City with plaintiff as her passenger. The accident occurred at approximately 6:30 a. m. It was dark at the time of the accident and there was some snow remaining in the ditch and on the shoulder of the highway. The pavement was damp but not freezing.

The defendant Pedro Lira lives in Osage City and works at the Santa Fe shops in Topeka. Defendant's wife had driven him in the Lira automobile to a preestablished point on highway K 31 approximately three miles east of Osage City. There Mr. Lira was to be picked up by a fellow worker and driven to Topeka. Mr. Lira appeared at the point of accident a little early, so he attempted to turn his car around and head it back west toward Osage City for his wife's return trip. While attempting to turn it around Mr. Lira drove his automobile in the ditch where it became struck with a part of the Lira automobile protruding onto the highway. There was a dispute as to the extent of the highway blocked by the Lira vehicle. Marie Smith testified that as she was driving along the highway at a speed of about 55 miles per hour she suddenly observed the Lira vehicle in her lane of travel. She remembered the Lira automobile being brown in color and stopped facing north. When she observed the vehicle in her headlights Marie Smith hit her brakes and started to move into the other lane. The rear end of the Smith vehicle

started skidding. She lost control of her vehicle and it came to rest in the ditch on the right-hand side. Plaintiff was injured in the impact.

Marie Smith had no insurance to cover her vehicle. The plaintiff Barbara Southard had automobile liability insurance on her automobile with the Farm Bureau Mutual Insurance Company. The Farm Bureau Mutual policy contained uninsured motorist coverage. Plaintiff made a claim against Farm Bureau Mutual under the uninsured motorist coverage of her policy on the theory that Marie Smith was an uninsured motorist. Farm Bureau Mutual settled with plaintiff for $10,000 which sum was paid to the plaintiff. The plaintiff signed an uninsured motorist release and subrogation receipt which released Farm Bureau Mutual from any and all claims under the uninsured motorist coverage. By this release and subrogation receipt plaintiff Barbara Southard subrogated Farm Bureau Mutual to any claim which she might have against any person who might be liable for the accident. Plaintiff agreed in the subrogation receipt that Farm Bureau Mutual should be paid any money recovered from any other person as result of judgment or settlement with or without litigation to the extent of the $10,000 paid by Farm Bureau Mutual. Any recovery in excess of $10,000 was to be retained by Barbara Southard for her own use and benefit.

The defendant on this appeal has asserted nine points of claimed error. Several points involve the instructions which the trial court gave to the jury in the case. The record discloses that the trial court followed PIK Civil, giving the usual PIK instructions covering negligence, contributory negligence, proximate cause, burden of proof and the relative rights and duties of persons who use the streets and highways. The defendant urged the court to instruct on the subject of intervening and remote cause. We do not believe that instructions on these matters were appropriate under the facts of this case. The substance of the evidence was that Mr. Lira negligently placed his vehicle in a position where it blocked the traveled portion of the highway at a time when it was dark and the pavement was damp. The accident occurred in a matter of a few minutes thereafter. Under the circumstances the subjects of intervening and remote cause were really not involved. The issue in the case was whether or not the defendant's negligence in obstructing the highway was a proximate cause of the collision. The issue of proximate cause was a matter for argument by counsel and we are

certain that this issue was properly argued and presented to the jury.

The defendant maintains that the district court erred in refusing the defendant's requested instruction concerning the doctrine of last clear chance. Counsel for the defendant argues that although the defendant may have been negligent in obstructing the highway with his vehicle, once he became stuck he was in a position of helpless peril and did everything available to him under the circumstances. He takes the position that Marie Smith could have avoided the accident through the exercise of reasonable care on her part and that her failure to exercise reasonable care was the immediate and proximate cause of the accident. The thrust of defendant's argument is that the doctrine of last clear chance may properly be invoked by the defendant as well as by the plaintiff and that an instruction on that subject should have been given. Counsel directs our attention to the annotation in 32 A. L. R. 2d 543 where cases are cited holding that the doctrine of last clear chance is available to a defendant as well as to a plaintiff. The Restatement of Torts, § 479, and the majority of the jurisdictions treat the doctrine as applicable only for the benefit of a plaintiff who is faced with the defense of contributory negligence. This is a question of first impression in this court.

In our own decisions we have applied the doctrine as a legal theory to moderate the defense of contributory negligence. On a number of occasions we have held that essential elements of the doctrine of last clear chance are as follows:

(1) The plaintiff by his own negligence placed himself in position of danger;

(2) that the plaintiff's negligence had ceased;

(3) that the defendant saw the plaintiff in a position of danger, or by the exercise of due care should have seen plaintiff in such position, and by exercising due care on his part had a clear chance to avoid injuring plaintiff;

(4) that defendant failed to exercise such due care;

(5) as a result of such failure on defendant's part, plaintiff was injured.

(*Rohr v. Henderson*, 207 Kan. 123, 483 P. 2d 1089; *Sander v. Union Pacific Rld. Co.*, 205 Kan. 592, 470 P. 2d 748; *Wegley v. Funk*, 201 Kan. 719, 443 P. 2d 323.) It is stated in *Letcher v. Derricott*, 191 Kan. 596, 603, 383 P. 2d 533, that the last clear chance doctrine presupposes contributory negligence on the part of the person injured.

Professor Prosser in The Law of Torts, 4th Ed., § 66, p. 429, re-

jects the application of the doctrine of last clear chance in favor of a defendant in the following language:

". . . A few courts, with something resembling billiard-parlor reverse English, have even purported to recognize a 'last clear chance' doctrine in favor of the defendant, to bar the plaintiff's recovery; but since this comes out at exactly the same place as the defense of contributory negligence without the doctrine at all, and is calculated only to bewilder the jury with incomprehensible instructions, most courts have rejected any such idea. . . ."

In this case the defendant is attempting to rely on the last clear chance doctrine on the theory that Marie Smith, a joint tort-feasor, had the last clear chance to avoid the accident. In *Gardner v. Pereboom,* 197 Kan. 188, 416 P. 2d 67, we held that if concurrent acts of negligence of joint tort-feasors contribute to bringing about injury to a third party, the degree of culpability is immaterial. In all of the cases we have found dealing with the question the courts consistently held that a defendant may not rely upon the doctrine of last clear chance by asserting the negligence of a joint tort-feasor who has not been sued by the plaintiff. (*Greene v. Laboratories, Inc.,* 254 N. C. 680, 689, 120 S. E. 2d 82; 65A C. J. S. Negligence, § 136 (1), p. 115; *Edwards v. Lynch,* (W. Va.) 175 S. E. 2d 632.) We wish to emphasize that counsel for a defendant is not precluded from arguing to the jury that the defendant's negligence was not a proximate cause of the collision or that the negligence of the plaintiff or a joint tort-feasor was the sole proximate cause of the collision. The defense that any negligence of the defendant was not the proximate cause of the accident is fully available to a defendant and adequately covered by the usual instructions pertaining to concurrent negligence and proximate cause. We believe that to attempt to invoke the doctrine of last clear chance on behalf of a defendant would only tend to confuse a jury. In the case at bar the defendant Lira was found by the jury to have been negligent in obstructing the highway with his vehicle. Whether or not such negligence was a proximate cause of the accident was a matter for counsel to argue and for the jury to determine. We find no error in the refusal of the trial court to instruct the jury on the doctrine of last clear chance.

We have examined carefully the instructions requested by the defendant which were refused by the court and also the instructions which the court gave to the jury on these and other issues. We have concluded that the claimed errors in the instructions asserted by the defendant are without merit and that the case was fairly submitted to the jury on proper instructions.

As another point defendant maintains that the trial court erred in refusing to submit to the jury the issue of agency between the plaintiff and Marie Smith, the driver of the car in which she was riding. We have held that an agency relationship, aside from joint venture or partnership, which will justify the imputation of a driver's negligence to his passenger, must be of a master and servant or employer and employee type and further that an ordinary "car pool" or "share-the-ride" agreement is not a contract between the parties which constitutes the driver of an automobile the agent of the passenger. (*Angell v. Hester*, 186 Kan. 43, 348 P. 2d 1050.) There is nothing in the evidence to show that the plaintiff as a passenger had any right to control the manner in which the Smith vehicle was being driven by Marie Smith. The mere fact that plaintiff paid Marie Smith one dollar per day as her share of the expenses for the transportation would not create an agency relationship so as to justify the imputation of the negligence of Marie Smith to her passenger, the plaintiff Barbara Southard. The trial court was entirely correct in refusing to submit this issue to the jury.

Counsel for the defendant complains that the district court erred in restricting his cross-examination of the plaintiff concerning prior inconsistent statements and in preventing him from delving further into the transaction she had with Farm Bureau Mutual involving plaintiff's claim and settlement under the uninsured motorist coverage of her insurance policy. Counsel for defendant argues that his principal defense was that defendant Lira was not negligent in any manner and that the plaintiff's injuries were a result of her own driver's negligence. He sought to introduce into evidence the uninsured motorist claim made by plaintiff to Farm Bureau Mutual to show that plaintiff had previously taken a position that the cause of her injuries was the negligence of her own driver Marie Smith. He maintains that by refusing the defendant the right to pursue this line of questions the court prevented defendant from adding foundation to his defense that he was free from negligence and that the negligent party was someone other than himself. The trial court permitted the defendant's counsel to interrogate the plaintiff on the fact that she had made a claim against her own company under her uninsured motorist insurance on the theory that Marie Smith was responsible for the accident. When the plaintiff testified that she did not understand the nature of her claim or that Marie Smith was the uninsured motorist, de-

fendant's counsel sought to present to the jury the written claim submitted by plaintiff's counsel to Farm Bureau Mutual along with the receipt and subrogation release which she had signed. From our examination of the record we believe that the trial court was extremely liberal with defendant's counsel in permitting him to go into the subject as far as he did. It would have been proper for plaintiff to have been cross-examined on whether or not she had ever stated or contended that Marie Smith was to blame for the accident, then if she denied this fact to show briefly that she had made a claim on the theory that Marie Smith was responsible for her injuries. In our judgment the trial court was entirely correct in refusing to permit counsel for the defendant to introduce into evidence before the jury the documents by which plaintiff had made settlement with Farm Bureau Mutual under her uninsured motorist coverage.

The trial court properly applied the collateral source rule which we recognized and approved in *Rexroad v. Kansas Power & Light Co.*, 192 Kan. 343, 388 P. 2d 832. In *Rexroad* we stated the collateral source rule in the following language:

"It is well settled that the damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss by insurance effected by him, and to the procurement of which the wrongdoer did not contribute. This rule is not affected by the fact that the insurer is entitled to be subrogated to the rights of the insured, as against the tortfeasor, or to recover back from him the amount he recovers. The question of the right to the proceeds of the recovery is a matter between the insurer and the insured. It constitutes no defense to the action for damages caused by the wrong, which must be brought in the name of the insured, although it might be for the use of the insurer. The reasons generally given for the rule are that the contract of insurance and the subsequent conduct of the insurer and insured in relation thereto are matters with which the wrongdoer has no concern and which do not affect the measure of his liability. (15 Am. Jur., Damages, § 201, pp. 617, 618.)

"This has no bearing on the right of a defendant to raise the defense of 'real party in interest,' but once it has been shown that the plaintiff is a real party in interest, the defendant has no further right to bring insurance into the case." (pp. 354, 355.)

The injection by defendant's counsel of plaintiff's uninsured motorist insurance into the case would be highly prejudicial to the plaintiff and should not have been permitted.

As a related point on the same subject the defendant contends on this appeal that the district court erred in refusing to allow the jury to consider the fact that plaintiff had already received $10,000

for the damages she received in the accident or in the alternative the district court erred in refusing to allow the $10,000 to be used as a setoff against the total amount of the jury verdict of $15,000. The resolution of this point is governed to a great extent by the discussion under the point just completed. On the record before the court it is undisputed that Farm Bureau Mutual is subrogated to plaintiff's right of recovery against the defendant Lira to the extent of $10,000. Under the provisions of K. S. A. 1972 Supp. 40-287 an insurance policy affording uninsured motorist coverage may provide that payment to any person of sums as damages under such coverage shall operate to subrogate, to the extent of such payment, the insurer to any cause of action in tort which such person may have against any other person or organization legally responsible for the bodily injury because of which such payment is made. The question of the relative rights of the plaintiff and Farm Bureau Mutual to participate in any recovery against the defendant Lira is a matter wholly beyond the concern of the defendant. A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tort-feasor. The fact that an insured, for a stated consideration, executes to his insurance carrier a release of liability for bodily injury under the terms of the uninsured motorist provision of his policy does not preclude the insured from maintaining an action against the party negligently causing his injuries. Nor are payments made by an insurance carrier under uninsured motorist coverage, payments which a tortfeasor can utilize to diminish the amount of his liability to the injured party. (*Thompson, Administrator v. Milan,* 115 Ga. App. 396, 154 S. E. 2d 721.)

The final point on appeal involves the refusal of the trial court to grant the defendant's request for a 12-member jury. The record shows that the defendant made a timely demand for a 12-member jury in the trial of this case pursuant to Rule 4-7 of the Fourth Judicial District. In refusing to grant defendant a 12-member jury trial, the trial court was in error for the reasons fully set forth in *Bourne v. Atchison, T. & S. F. Rly. Co.,* 209 Kan. 511, 497 P. 2d 110. We do not deem it necessary to set forth again the rationale of *Bourne;* we simply adhere to the opinion of the court in that case. On this point the case must be reversed and remanded to the trial court for a hearing before a jury of 12 members.

The judgment of the district court is reversed because of the denial by the trial court of defendant's request for a jury of 12 members. This case is remanded to the trial court for a new trial before a jury of 12 members.