(644 P.2d 484)
No. 53,093

RALPH SCHULTZ, as natural father and next of kin of ERICH SCHULTZ, a minor, *Plaintiff-Appellee,* v. KANSAS GAS AND ELECTRIC COMPANY, *Defendant-Appellant.*

Opinion filed May 6, 1982.

*Robert A. Vohs,* of Vohs and Stratton, of Wichita, for appellant.

*Daniel J. Sevart* and *Roger M. Theis,* of Render & Kamas, of Wichita, for appellee.

Before FOTH, C.J., REES and PARKS, JJ.

PARKS, J.: This is an action brought by Ralph Schultz, as natural father and next friend of Erich Schultz, a minor, against Kansas Gas and Electric Company (KG&E) seeking damages for personal injuries received by Erich Schultz.

The trial in this case began on March 2, 1981, to a jury of twelve. On March 5, 1981, after instruction by the court and closing arguments of counsel, the case was submitted to the jury. The jury deliberated for a short period of time, was admonished and permitted by the court to separate for the evening. The next morning one of the jurors called and advised the court that she was ill and would be unable to attend. The trial judge, in the presence of the eleven remaining jurors and counsel for both parties, stated that under the instructions given ten out of twelve could reach a verdict, and that he was going to let the eleven of them continue deliberating and see if they could reach a verdict.

After the eleven jurors returned to the jury room for further deliberations, counsel for defendant KG&E was permitted by the court to put on the record the following objection which he had made earlier to the court:

"Prior to the time that the Court made its announcement to the jury and instructed the jury to continue, we did discuss the matter and I informed you that

my client did not agree to waive a twelve-person jury and go with eleven in this case. As we understand it, if we were to go to an eleven-person jury in this case under K.S.A. 60-248, specifically subsection (f) we would be entitled to a verdict by agreement of all the jurors instead of a majority of ten of the twelve or ten of eleven as the case may be."

Defendant contends that the trial court erred in allowing a jury of eleven instead of twelve members to decide the case over its objection.

Prior to 1978, K.S.A. 60-248(a) provided as follows:

"60-248. **Jury trial procedure.** (a) *Stipulation as to number.* The parties may stipulate that the jury shall consist of any number less than twelve (12) or that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury."

In *Bourne v. Atchison, T. & S.F. Rly. Co.*, 209 Kan. 511, 517, 497 P.2d 110 (1972), the Court interpreted this provision to require a jury of twelve members unless the litigants stipulated to a lesser number. This holding was reaffirmed in *Southard v. Lira*, 212 Kan. 763, 512 P.2d 409 (1973), and *Holt v. Frito-Lay, Inc.*, 217 Kan. 56, 535 P.2d 450 (1975). Under these cases and the law as it existed prior to 1978, defendant's objection to proceeding with a jury of less than twelve would certainly have compelled reversal. However, at the time this lawsuit was tried, K.S.A. 60-248 had been amended to provide in pertinent part as follows:

"(a) *Stipulation as to number.* The parties may stipulate that the jury shall consist of any number less than twelve (12) or, subject to the provisions of subsection (g), that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury.

. . . .

"(g) *Verdict; number of jurors required; form; correction.* Whenever the jury shall consist of twelve members, the agreement of ten such jurors shall be sufficient to render a verdict. In all other cases, subject to the stipulation of the parties, as provided in subsection (a), the verdict shall be by agreement of all the jurors." K.S.A. 1981 Supp. 60-248.

Due to the enactment of K.S.A. 1981 Supp. 60-248(g), plaintiff argues that the *Bourne* rule is inapplicable and that a juror may be discharged and the trial continued over the objection of a party, because only ten of the twelve-member jury would be required to reach a verdict. At issue is whether a verdict may be rendered by a jury of less than twelve in the absence of a stipulation, when a full twelve-member jury participated in part of the deliberations and the statute permits the agreement of ten out of twelve to be effective.

Historically, the right to a jury was interpreted to include the right to the unanimous verdict of a twelve-member panel. However, it has been determined that neither the number of persons necessary to compose a jury (*Williams v. Florida,* 399 U.S. 78, 26 L.Ed.2d 446, 90 S.Ct. 1893 [1970]), nor the proportion of the jury which must concur in the verdict (*Apodaca v. Oregon,* 406 U.S. 404, 32 L.Ed.2d 184, 92 S.Ct. 1628 [1972]), is constitutionally specified and unalterable by state statute.

*Bourne* and its progeny recognized that K.S.A. 60-248(*a*) permits deviation from the twelve-member unanimous verdict but held that absent stipulation by the parties, the jury of twelve was intended to be inviolate. The 1978 amendment to K.S.A. 60-248(*a*) added the phrase "subject to the provisions of subsection (*g*)," but only the last clause of that provision is so qualified. Thus, the statement relied on by *Bourne* that "the parties may stipulate that the jury shall consist of any number less than twelve" is unaltered. In addition, the content of the amendment to subsection (*g*) only applies to the number of jurors which must agree before a verdict is accepted.

The first sentence of the amendment to subsection (*g*) indicates that if the parties have not stipulated to decrease the number of jurors, the agreement of ten of *the twelve* will be sufficient for a lawful verdict. If the parties have agreed to a jury of less than twelve but have not agreed to reduce the number necessary for a verdict, as permitted by the last clause of subsection (*a*), the verdict must be unanimous. The provision that the vote of ten jurors is sufficient for a verdict only applies when the jury includes twelve members. Likewise, unanimity is compelled only when the parties have stipulated to a jury of less than twelve.

Here, twelve jurors heard the testimony but only eleven members completed deliberations and voted on a verdict. It is fundamental that a jury of twelve means twelve members who hear the evidence, take part in the deliberations and cast a vote for the verdict. Therefore, we conclude that the amendments to subsections (*a*) and (*g*) did not alter the *Bourne* rule and a jury of twelve is still mandatory unless the parties stipulate to a lesser number. Defendant did not stipulate to a jury of less than twelve but the ultimate verdict was the product of the vote and deliberations of only eleven people. The fact that the verdict was unanimous is of no import since the defendant did not stipulate to less than twelve

jurors. In sum, the trial court erred in continuing the trial over the objection of defendant.

In view of our holding on this issue, it is unnecessary for us to consider the other points asserted on appeal.

The judgment of the district court is reversed and the case is remanded for a new trial.