16744

STATE v. PEARSON
(76 S. E. (2d) 151)

*Messrs. Hydrick & Hydrick,* of Orangeburg, *for Appellant,*

*Mr. Julian S. Wolfe, Solicitor, First Judicial Circuit,* of Orangeburg, *for Respondent,*

May 13, 1953.

OXNER, Justice.

The question presented is whether on the trial of a person charged as a second offender for operating a motor vehicle while under the influence of intoxicating liquor, a report by a magistrate to the Highway Department, made pursuant to Section 46-347 of the 1952 Code and duly identified by the custodian of the records, is admissible in evidence for the purpose of showing a prior conviction.

Under the terms of Section 46-343 of the 1952 Code, it is unlawful for any person who is under the influence of intoxicating liquor to drive an automobile within this State. Section 46-345 fixes the punishment for the violation of the foregoing section, which is enhanced for a second or sub-sequent offense. Under the terms of Section 46-347, "All clerks of court, magistrates, city recorders and other public officers in this State having charge or responsibility with respect to convictions or of the entry of pleas of guilty or of the forfeitures of bail posted for violation of § 46-343", or for the violation of any ordinance of a municipality of this State prohibiting a person from operating an automobile while under the influence of intoxicating liquor, are required within ten days to report to the Motor Vehicle Division of the Highway Department every such conviction, plea of guilty or forfeiture of bail. It is further provided: "Such reports shall be made upon forms to be provided by the Department, arranged in duplicate, and the Director of the

Motor Vehicle Division of the Department shall acknowledge the filing of each such report by signing the duplicate of such report and returning it to the officer making it, to be kept by such officer as evidence of his compliance with the requirement that he make such report." This section further fixes a penalty of $25.00 for failure on the part of a public officer to make such report. Section 46-348 requires the Highway Department to suspend the license of any person who is convicted or forfeits bail for the violation of any statute or ordinance prohibiting a person from operating a motor vehicle while under the influence of intoxicating liquor. Under the terms of Section 46-350, the Highway Department is required each month to release to the public the names and addresses of all persons whose driver's licenses were suspended during the preceding month.

Appellant was tried, convicted and sentenced in the Court of General Sessions for Orangeburg County as a second offender for operating a motor vehicle while under the influence of intoxicating liquor. The State sought to establish a first offense by offering in evidence the original of a report made by a magistrate of Greenville County to the Highway Department, pursuant to Section 46-347. This report was on a form prescribed by the Highway Department and was duly identified by the custodian of the records. Appellant objected to its admission on the ground "that the best evidence of the conviction in a magistrate's court is the trial docket of the magistrate." The trial Judge overruled the objection and admitted the document. It is contended on this appeal that the Court erred in doing so.

Section 43-9 of the 1952 Code, which was enacted more than half a century ago, requires a magistrate to keep a book wherein shall be entered "all warrants issued by him and what disposition he has made of them". It has been held that such a book may be offered in evidence for the purpose of showing the disposition of a criminal proceeding had before a magistrate. *Cherry v. McCants,* 7 S. C. 224; *State v. Rice,* 49 S. C. 418, 27 S. E. 452. Sec-

tion 46-347 of the 1952 Code, which was enacted in 1949, imposes upon magistrates the additional duty of reporting to the Highway Department every person convicted before them of driving an automobile while under the influence of intoxicating liquor. The records required by each of the foregoing sections are kept by the magistrate in obedience to a statutory demand. No good reason appears why a greater degree of verity should be attached to one than the other. It is manifest that the purpose of Section 46-347 was to establish a central depository for the records of all persons convicted in this State for the violation of any statute or ordinance prohibiting the driving of any motor vehicle while under the influence of intoxicating liquor. A central place for keeping such records is essential for the effective enforcement of the statute with reference to suspension of driver's licenses and the prosecution of those charged with driving an automobile while under the influence of intoxicating liquor.

We think that a report made by an officer pursuant to Section 46-347 is admissible as a public document or official statement. It is generally held that where a public official is required by law to make a certificate or written statement as to some matter or fact pertaining to and as a part of his official duty, such writing is competent evidence of the matter or fact therein recited. 32 C. J. S., Evidence, § 626; *Adams v. State,* 224 Ind. 472, 69 N. E. (2d) 21; *People v. Purcell,* 22 Cal. App. (2d) 126, 70 P. (2d) 706. In *Barber v. Hochstrasser,* 136 N. J. L. 76, 54 A. (2d) 458, 461, the Court said:

"Where public officers are under a duty to keep a record of transactions which occur in the course of their public service, the official records and writings so made by such officers, or under their supervision, are of a public nature and are ordinarily admissible in evidence as proof of their contents, even though not proved by the person who actually made the entries. Such records are made under circumstances which afford a sufficient guarantee of trustworthiness to ren-

der them admissible as evidence under a well-defined exception to the Hearsay rule."

Such a record is admissible, although its "authenticity is not confirmed by the usual and ordinary tests of truth and the power of cross-examination of the parties on whose authority the truth of the document depends is lacking. The extraordinary degree of confidence reposed in such documents is founded principally upon the circumstance that they have been made by authorized and accredited agents appointed for the purpose. Those who are empowered to act in making such investigations and memorials are in fact the agents of the individuals who compose the public." 20 Am. Jur., Evidence, Section 985.

In speaking of the necessity for this exception to the Hearsay rule, Wigmore states: "Were there no exception for Official Statements, hosts of officials would be found devoting the greater part of their time to attending as witnesses in court or delivering their depositions before an officer." Wigmore on Evidence, 2nd Edition, Section 1631. He further states in Section 1632: "When it is a part of the *duty of a public officer* to make a statement as to a fact coming within his official cognizance, the great probability is that he does his duty and makes a correct statement."

It may also be added that, "The admissibility of public records depends on custody and authenticity and is not governed by handwriting or the original entry rule." 32 C. J. S., Evidence, § 643.

Of course, public documents of the character which we have discussed are not conclusive of the facts therein stated, which are subject to contradiction. But this goes to the weight of the testimony rather than its competency.

It is also contended that the admission of this report violates the right guaranteed to an accused by Section 18, Article 1, of the Constitution of being "confronted with the witnesses against him". This question was

not raised in the Court below and is not properly before us. But if it were, such contention could not be sustained. *Runde v. Commonwealth,* 108 Va. 873, 61 S. E. 792; *Commonwealth v. Slavski,* 245 Mass. 405, 140 N. E. 465, 29 A. L. R. 281, and cases therein cited. In the *Runde case,* the Court stated [108 Va. ·873, 61 S. E. 793] : "The provision of the Bill of Rights, guaranteeing the right of the accused in all criminal prosecutions to be confronted with the accusers and witnesses, has never been interpreted to exclude proper documentary evidence." In *Commonwealth v. Slavski, supra* [245 Mass. 405, 140 N. E. 469], the Court said:

"The principle which seems fairly deducible from them is that a record of a primary fact made by a public officer in the performance of official duty is or may be made by legislation competent *prima facie* evidence as to the existence of that fact, but that records of investigations and inquiries conducted, either voluntarily or pursuant to requirement of law, by public officers concerning causes and effects and involving the exercise of judgment and discretion, expressions of opinion, and making conclusions are not admissible as evidence as public records."

The form prescribed by the Highway Department for the making of a report pursuant to Section 46-347 requires the magistrate or other officer to show not only the name and address of the defendant and the disposition of the case, but also his date of birth, the number of his driver's license and the license number of the vehicle used, and certain personal characteristics, such as the color of his hair and eyes. We are only called upon in this case to determine whether that portion of the report showing a conviction or plea of guilty is admissible. We do not undertake to pass upon the question as to whether the other facts stated in such report are competent. Apparently in the instant case no question was raised as to the identity of appellant as the person mentioned in the report offered in evidence.

It should be stated that not only is the original of a report made under Section 46-347 admissible, but a certified copy

or a certified photostatic copy of such report is also admissible. Section 26-101 of the 1952 Code.

We desire to call attention to the fact that about two weeks after the oral argument of this case, the General Assembly passed an act, which was approved by the Governor on April 17, 1953 entitled: "An Act to make certified copies of reports filed with the Motor Vehicle Division of the South Carolina State Highway Department admissible as *prima facie* evidence in cases involving prosecutions for operation of motor vehicles in a reckless manner, or by those under the influence of intoxicants, drugs or narcotics."

Of course, the instant case was tried long before the passage of the above legislation and is not affected thereby. It will be noted that the foregoing act is substantially in accord with what we have found to be a proper rule of evidence independent of statute.

Affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.