21000

The STATE, Respondent, v. Willie NELSON, Jr., Appellant.

(256 S. E. (2d) 420)

*Dale T. Cobb, Jr.,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Staff Atty. Buford S. Mabry, Jr.,* Columbia, and *Sol. Capers G. Barr, III,* and *Asst. Sol. Richard C. Bell,* Charleston, *for respondent.*

June 28, 1979.

LITTLEJOHN, Justice:

Earl Randall Singleton and Willie Nelson, Jr., were jointly indicted, tried, and convicted by a jury of armed robbery. Nelson has appealed; Singleton has not. At the trial they were represented by separate counsel.

Before the trial commenced, Nelson's attorney moved that the trial of the two defendants be severed on the ground that the defenses were antagonistic, asserting that Singleton's written confession (which implicated Nelson) could not be properly sanitized for publication to the jury without prejudice. The trial judge ruled that the defenses were not antagonistic such as to require a severance, and ruled that Singleton's written statement could not be admitted in evidence. He permitted a police officer to orally quote Sin-

gleton, admonishing the officer to be careful to avoid any reference to Nelson which might be prejudicial.

Nelson has appealed, asserting two errors: (1) failure to grant the motion for severance, and (2) failure to grant a mistrial because of alleged prejudicial argument of the prosecuting attorney to the jury.

The United States Supreme Court has ruled that the State may not offer one defendant's out-of-court confession in order to implicate a codefendant, and it has ruled that a limiting instruction does not correct such a defect. *Bruton v. United States,* 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. (2d) 476 (1968). We find no violation of *Bruton* in the trial of this case. In the manner it was admitted, Singleton's confession did not implicate Nelson. This court has held that a motion for severance is addressed to the sound discretion of the trial judge and his decision will not be disturbed absent an abuse of discretion. *State v. Green,* 269 S. C. 623, 239 S. E. (2d) 646 (1977); *State v. Allen,* 266 S. C. 175, 222 S. E. (2d) 287 (1976). We find no abuse of discretion in refusing the motion.

It was the position of Singleton that he was merely present at the time of the robbery and that he did not participate. He did not testify. The defense of Nelson was alibi, and he contended that he was not even present at the time and place of the robbery. Both defendants were positively identified by the victim of the robbery.

In arguing the case to the jury on behalf of the State, the solicitor made the following statement:

"And when Mr. Singleton, who apparently Mr. Peeples would have you believe was so drunk he didn't know what was going on, admitted that when they came in he told them—he said, I told the two dudes that we would be with them in a minute—we would be with them in a minute, and then he went back in the back room and told Nelson, there's a couple of guys back there—let's get out of here and they

went out lickety-split through the back door, jumped into a cab, split the money and I don't know where they went after that."

Nelson's attorney objected to the argument, which was overruled. The solicitor continued his argument as follows:

"He [Singleton] would have you believe that he was too drunk to say anything but be cool, be cool, and he did say those things, but he also said something else. Ms. Jameson testified that when she was standing there at the cash register and Willie Nelson was holding the gun in her face around the corner appeared the short fellow, Singleton, and he told the big fellow, leave the pennies, man. They didn't have time to take the pennies."

The judge handled the objection in the following manner:

"THE COURT: Very well, Mr. Cobb. I want to give you an opportunity to put whatever objection you want to make on the record.

"MR. COBB: Thank you. Your Honor, during the course of the Solicitor's argument, as I perceived his argument to be, and I want to make sure this gets on the record. He was referring to a statement made by Mr. Singleton and the statement of Mr. Singleton being that he and Nelson went out the door and got into a cab and then split the money. That may be the testimony from Miss Jameson but it was not included or supposed to be included from my understanding of the Court's ruling in either the testimony or in argument, and I . . .

"THE COURT: I think you're at least partially correct. However, I didn't take it that way. He had been referring to the statement of Singleton insofar as having gone out there and taking the order and saying we'll be with you in a moment. I think he then switched to the testimony of Jameson or inferentially switched to the testimony of Jameson and her testimony is that Singleton and—Singleton then

came back and related the conversation to Nelson and then they took off.

"MR. COBB: The problem I have, Your Honor, is that the—as I was listening to the testimony it all ran together. There was no transition, and I don't want the Jury to get the impression that the statements of Singleton are in any way, shape or form attributable to that of Nelson because Mrs. Jameson would have absolutely no knowledge whatsoever about . . .

"THE COURT: I will charge the Jury that any statement made by one Defendant is not applicable as a statement as to the other Defendant—any other Defendant. I would not go any further than that. In other words, what the factual situation is from the testimony it's going to be how the Jury perceives it and not as you or I perceive it. I think you're entitled to protection to that extent if there is any need for it. I would certainly give it to you to that extent."

The record before us is less than fully complete, but it is obvious from the statement of the trial judge that the testimony of the victim Jameson was the basis of the solicitor's argument. The judge had the advantage of having been present throughout the entire proceedings, whereas this court must approach the question from a cold, somewhat incomplete record. In *State v. Durden,* 264 S. C. 86, 212 S. E. (2d) 587 (1975), this court said:

"It is difficult for this Court to delicately evaluate the impact of the argument complained of, because we do not have before us the full argument or the evidence, and do not know in what overall context the argument was made. On the other hand, the trial judge heard all of the evidence and heard the entire argument, and he was in a much better position to weigh the effect and possible prejudice. A new trial should not be granted unless the appellant shows that there has been an abuse of discretion."

The control of argument of counsel is normally within the discretion of the trial judge, and this court will not disturb

his rulings unless there is an abuse of discretion, which we decline to find under the facts of this case. It has not been demonstrated that Nelson was denied a fair trial.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.