21993

The STATE, Respondent, v. Sallie THOMPSON, Appellant.

(308 S. E. (2d) 364)

*Rex L. Carter* and *Jeffrey A. Merriam, Carter, Smith, Merriam & Rogers,* Greer, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod,* and *Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Carolyn M. Adams,* Columbia, and *Sol. Claude A. Taylor, Jr.,* Spartanburg, *for respondent.*

Oct. 13, 1983.

HARWELL, Justice:

A Spartanburg County jury convicted appellant Sallie Thompson of accessory before and after the fact to murder. The trial judge sentenced her to life imprisonment for the crime of accessory before the fact and to a concurrent ten year sentence for accessory after the fact.

On September 2, 1981, Stephen Thompson, appellant's husband, was found dead in a wooded area near Spartanburg with a gunshot wound in the head. Appellant and her lover, Dennis McCurry, were arrested. Authorities charged McCurry with murder. Appellant was charged with accessory before and after the fact to murder. Appellant and McCurry each gave pretrial statements regarding the incident which the State introduced at the joint trial. Appellant asserts that the trial judge's denial of her motion for a severance or for suppression of the statements was error. We disagree and affirm.

Appellant relies on *Bruton v. United States,* 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. (2d) 476 (1968), for her assertion that the trial court's admission into evidence of the nontestifying co-defendant's pretrial statement vio-

lated her Sixth Amendment right to confront witnesses against her. In *Bruton*, the United States Supreme Court held that the admission of a nontestifying co-defendant's incriminating statement violated the Sixth Amendment rights of the remaining defendant, who had not confessed to a crime. Instructions limiting the jury's consideration of the statements to the guilt or innocence of the maker were not found to be sufficient to protect the nonconfessing defendant in the joint trial.

In the recent case of *Parker v. Randolph*, 442 U. S. 62, 99 S. Ct. 2132, 60 L. Ed. (2d) 713 (1979), a plurality of the court concluded that the constitutional right of cross-examination has far less practical value to a defendant who has confessed than to one who consistently maintains his innocence. *Parker* held that interlocking confessions could be admitted with appropriate limiting instructions in a joint trial.

In the case at bar, the trial judge properly charged the jury that it could rely on each co-defendant's statement only to convict the defendant who made the statement. The judge correctly concluded that the confessions of the two defendants were interlocking under *Parker*. The statements of appellant and her co-defendant support each other in several respects. Each admits to having discussed the murder of appellant's husband. Each states that McCurry told appellant that he planned to kill appellant's husband immediately prior to the crime. According to both accounts, McCurry hid in appellant's bedroom after the murder. Although appellant's statement emphasizes her fear of McCurry, McCurry's statement suggests the shooting was accidental. However, this discrepancy was not so significant as to require exclusion of the statements. We interpret *Parker* to require only that the confessions or incriminating statements of co-defendants be interlocking to a substantial degree. Slight disparities are rarely so prejudicial as to require exclusion under *Parker*. *Tatum v. State*, 249 Ga. 422, 291 S. E. (2d) 701 (1982); *Yeargin v. State*, 164 Ga. App. 835, 298 S. E. (2d) 606 (1982).

A motion for a severance is addressed to the sound discretion of the trial judge and this court will not disturb that decision absent an abuse of discretion. *State v. Plath*, 277 S. C. 126, 284 S. E. (2d) 221 (1981); *State v. Nelson*, 273 S. C. 380, 256 S. E. (2d) 420 (1979). A defendant is

not entitled to a separate trial solely to enable a co-defendant to testify. For reversal, a defendant who was tried jointly must show prejudice. *State v. Crowe*, 258 S. C. 258, 188 S. E. (2d) 379 (1972), *cert. denied*, 409 U. S. 1077, 93 S. Ct. 691, 34 L. Ed. (2d) 666 (1972). Appellant has not met this burden here. The trial judge properly determined that deleting certain portions of the statements would prevent prejudice to the appellant.

The exception alleging error in the denial of a severance on grounds that the co-defendants had conflicting and irreconcilable defenses is abandoned. *State v. Sullivan*, 277 S. C. 35, 282 S. E. (2d) 838 (1981).

Appellant further contends that the trial court erred in refusing to grant a directed verdict on the charge of accessory before the fact. She excepted to the refusal to grant a directed verdict on accessory after the fact but abandoned this alleged error by failing to argue it in her brief. She asserts that the evidence failed to show that she intended her words to encourage McCurry or that their effect was to encourage his commission of the crime. However, approximately one week before the murder appellant told McCurry, "If you are going to do it just do it, I don't want to know about it." In light of the amorous relationship between appellant and her co-defendant and the fact that the motive for the murder was to free appellant from her marriage, the evidence was sufficient to submit the case to the jury.

On a motion for a directed verdict, the evidence must be viewed in a light most favorable to the state. *State v. Jenkins*, 278 S. C. 219, 294 S. E. (2d) 44 (1982). Having affirmed the admission of the incriminating statements as interlocking at the joint trial, we find that the case was properly sent to the jury. The convictions and sentences of appellant are, accordingly,

Affirmed.

LEWIS, C. J. and LITTLEJOHN, NESS and GREGORY, JJ., concur.