1624

The STATE, Respondent v. Frank Lee GOODMAN, Jr., Appellant.

(403 S.E. (2d) 320)

Court of Appeals

*Assistant Appellate Defender Joseph L. Savitz, III, of S.C. Office of Appellate Defense,* of Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

Heard Jan. 23, 1991.

Decided Feb. 13, 1991.

CURETON, Judge:

Frank Lee Goodman was convicted, *inter alia,* of violating the habitual traffic offender statute. He appeals his conviction on that charge. We affirm.

Goodman was arrested on January 3, 1989, after he was observed driving in an erratic manner. He was given a breathalyzer test. The result was 0.19 percent. The grand jury indicted him for (1) driving under the influence, (2) driving under suspension, and (3) violation of the Habitual Traffic Offender Act. At trial Goodman stipulated to the jurisdiction of the court indicating "he has a prior offense, habitual offender." At trial, the state introduced without objection a court order dated June 19, 1987, declaring Goodman to be a habitual offender. The state also introduced without objection a letter to Goodman from the Department of Highways and Public Transportation informing him of the order and advising him of the termination of his driving privileges.

At the end of the case Goodman moved for a directed verdict on all three counts "based upon the insufficiency of the evidence in light of the burden the state has to prove their case." The court denied the motion. While discussing the jury charge with counsel the judge pointed out the amendments to *S.C. Code Ann.* Section 56-1-1100 (Supp. 1989). Effective January 1, 1989, the Legislature amended the section to replace the words "judgment of the court" with "decision of the department." The judge noted Goodman had not been declared a habitual offender by the department but had been so declared by court order under the old law. The judge charged the jury utilizing the language of the old statute. He stated as follows:

> The first thing the state must prove that the defendant was declared to be an habitual offender by the court by

judgment order. And the second thing, that such declaration of judgment of the court was in effect on the date in question, that is January 3, 1989. And third, that the defendant was operating a motor vehicle in this state on this date, January 3, 1989.

Goodman objected to the charge. The jury convicted Goodman on all three counts. He appeals only the conviction under the habitual offender statutes.

■ The essence of Goodman's argument is the trial judge should have granted a directed verdict because the state failed to prove an essential element of the offense under *S.C. Code Ann.* Section 56-1-1100 (Supp. 1989). This element was a declaration by the department of habitual offender status. Goodman argues the court order issued prior to January 1, 1989, is void to establish habitual offender status under the amended statute.

The legislative amendments reflect the intent of the Legislature to provide a procedure for future administrative declarations of habitual offender status. We find no indication the Legislature intended all previous judicial declarations to be void. There is also no indication the Legislature intended to require an administrative determination of habitual traffic offender status where there was a prior judicial determination. See *Burns v. State Farm Mut. Auto Ins. Co.*, 297 S.C. 520, 377 S.E. (2d) 569 (1989) (cardinal rule of statutory construction is to ascertain actual intent of legislature). To construe the amendment to require the S.C. Highway Department to redeclare Goodman's status as a habitual offender would produce an absurd result and require the administrative agency to duplicate the efforts of the court as to Goodman's habitual traffic offender status. See *State ex rel. McLeod v. Montgomery*, 244 S.C. 308, 136 S.E. (2d) 778 (1964).[1]

■ Goodman cursorily argues the court erred in its jury charge by charging the old statute. The law declared by the court must be the current and correct law. *State v. Adams*, 277 S.C. 115, 283 S.E. (2d) 582 (1981). Here, any error was harmless given our interpretation of the Legisla-

---

[1] Goodman also stipulated at trial to his status as a habitual offender. Arguably, the only remaining issue was whether he was operating a motor vehicle at the time. See *State v. Carrigan*, 284 S.C. 610, 328 S.E. (2d) 119 (Ct. App. 1985).

ture's intent in enacting the new statute and Goodman's stipulation.

Affirmed.

GARDNER and BELL, JJ., concur.