486 S.E.2d 512

**The STATE of South Carolina, Respondent,**

v.

**Thomas Curtis HAMILTON, Appellant.**

**No. 2682.**

Court of Appeals of South Carolina.

Heard April 8, 1997.

Decided June 16, 1997.

Assistant Appellate Defender Robert M. Dudek, Office of Appellate Defense, Columbia, and Public Defender Dorothy L. Fort, Charleston, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Columbia, and Solicitor David P. Schwacke, North Charleston, for respondent.

HEARN, Judge:

Thomas Curtis Hamilton appeals from his conviction for burglary in the first degree, asserting the trial judge erred in allowing his admission of two prior burglaries to be revealed to the jury. We affirm.

## *FACTS*

Appellant was charged with burglary in the first degree and petty larceny as the result of an incident which occurred on October 10, 1994. On that date, Appellant was observed riding a stolen bicycle by the victim of the theft, who pursued Appellant. Appellant was carrying a large television on the

handlebars and had a pillowcase filled with other items over his shoulder. It was later determined the television and items in the pillowcase had been stolen earlier that day from the home of Mark Saunders.

Appellant was indicted for burglary in the first degree on April 3, 1995, in connection with the Saunders' burglary. The indictment referenced two prior convictions for burglary which arose from a guilty plea by Appellant in 1989.

Prior to trial, Appellant's counsel offered to stipulate to the prior burglary convictions upon the condition that the information not be provided to the jury. Appellant asserted the previous burglaries were inadmissible evidence of prior bad acts not within one of the exceptions recognized in *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). The State declined to enter into the stipulation offered by Appellant, arguing that the prior burglaries constituted an element of the crime of first degree burglary.

Appellant's counsel then moved to preclude the State from presenting to the jury evidence of the prior burglary convictions. The trial judge denied the motion, holding that the two prior burglaries were an element of the crime charged. Thereafter, noting an exception to the trial judge's ruling, Appellant's counsel stipulated that Appellant had two prior convictions for burglary.

In his preliminary charge to the jury, the trial judge explained the elements of the first degree burglary offense charged. The stipulation concerning Appellant's prior convictions was published to the jury at the close of the State's case. The trial judge charged the jury as follows:

Madam Forelady and ladies and gentlemen, that stipulation is a stipulation that is an element of the offense. You cannot consider that as evidence that he committed the burglary on this occasion, but only for the purpose of determining whether or not it satisfies that element of the offense that makes it burglary first if you enter a dwelling without consent to commit a crime therein and you have two prior convictions for burglary.

Appellant's counsel moved for a directed verdict on the ground the evidence of Appellant's prior burglary convictions should not have been presented to the jury. The trial judge

denied the motion. In his final charge to the jury, the trial judge twice gave a limiting instruction regarding Appellant's prior burglary convictions.

The jury returned a verdict of guilty. Appellant's counsel moved for a mistrial or a new trial upon the grounds previously urged. The trial judge denied the motion and sentenced Appellant to twenty years, suspended upon service of fifteen years, with five years probation.[1]

## DISCUSSION

Appellant asserts on appeal that the trial court erred in allowing the "stipulation" to be presented to the jury because the evidence of his prior burglary convictions constituted impermissible *Lyle* evidence prejudicial to Appellant. We disagree.

Appellant was indicted for first degree burglary pursuant to S.C.Code Ann. § 16–11–311(A)(2) (Supp.1996), which provides:

(A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime [therein], and ...

(2) the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both[.]

Therefore, the two prior convictions were an element of the crime for which Appellant was charged. As such, the State was required to prove the two prior convictions and could not be forced to accept Appellant's offered stipulation.[2]

This court considered a similar argument in *State v. Anderson*, 318 S.C. 395, 458 S.E.2d 56 (Ct.App.1995). In *Anderson*, the solicitor refused to stipulate that the defendant had prior convictions for driving under the influence (DUI) and driving under suspension (DUS). Thereafter, the defendant claimed prejudice in the trial judge's refusal to sever the

1. Appellant was also sentenced to 30 days on the petty larceny charge.

2. We note that the term "stipulation" is a misnomer since a stipulation involves the assent of both parties or their attorneys. 83 C.J.S. *Stipulations* § 3, at 3 (1953).

habitual traffic offender charge from the DUI and DUS charges. In affirming the trial judge's decision, this court declined to require the solicitor's assent under such circumstances, noting that a stipulation is an agreement between the parties to which there must be mutual assent. *Id.* at 399–400 & n. 2, 458 S.E.2d at 58–59 & n. 2.[3]

A similar issue was recently addressed by the United States Supreme Court in *Old Chief v. United States,* —— U.S. ——, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Johnny Lynn Old Chief was charged with violation of 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by anyone with a prior felony conviction. Fearing prejudice if the jury learned he had a previous conviction for assault causing serious bodily injury, Old Chief sought an order requiring the government to refrain from offering any evidence or eliciting any testimony regarding the prior conviction, except to state that he had been convicted of a crime punishable by imprisonment exceeding one year. Old Chief argued that revealing the nature of his prior assault conviction would unfairly prejudice the jury against him on his current charges of assault, possession, and violence with a firearm. Old Chief offered to stipulate that he had been convicted of a crime punishable by imprisonment exceeding one year if the jury would not hear that the conviction was for assault. The government refused to agree to the stipulation, and the jury heard of the prior assault conviction. The jury found Old Chief guilty on all counts.

In addressing the issue of whether the government should be required to accept the accused's stipulation, the Supreme Court noted there was a sharp division among the courts of appeals in similar cases.[4] *Id.* at ——, 117 S.Ct. at 649. The

---

3. The dissent in *State v. Anderson* found the admission of the evidence of prior DUI and DUS convictions prejudicial under *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923); nevertheless, the dissent relied heavily on S.C.Code Ann. § 56–5–2980 (1991), which reads in part as follows:

[T]he accused may stipulate with the solicitor that the charge constitutes a second or further offense, in which event the indictment shall not contain allegations of prior offenses, nor shall evidence of such prior offenses be introduced.

We note that § 56–5–2980 has no application to a charge of burglary.

4. The Fourth Circuit Court of Appeals, however, has held that the defendant's offer to stipulate to or to admit to the prior conviction

Court recognized that the prior conviction was relevant to Old Chief's case because it gave him the legal status of one who may not carry a firearm under 18 U.S.C. § 922(g)(1). *Id.* It held, however, that under Rule 403, FRE, the probative value of the nature of the conviction was substantially outweighed by the danger of unfair prejudice to the accused. *Id.* at ——, 117 S.Ct. at 655. While citing the fundamental principle that the prosecution is entitled to prove its case with evidence of its own choosing, the Court stated:

> This recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him.

*Id.* at —— – ——, 117 S.Ct. at 654–55. Accordingly, in a 5–4 decision, the Court reversed Old Chief's conviction and remanded for a new trial.

Although at first blush it may appear that *Old Chief* would require us to accept Appellant's argument and reverse, we believe the facts in this case differ significantly from those in *Old Chief* and thus warrant a different result. Indeed, if we were to direct the trial court to accept Appellant's offer of stipulation, we would impermissibly expand the Supreme Court's holding in *Old Chief.*

In *Old Chief,* the defendant offered to stipulate to the fact of his prior felony conviction but argued against the name and nature of his offense being presented to the jury. Thus, under his offer to stipulate, the jury would have been apprised that Old Chief had the necessary legal status to be charged with committing the particular crime. The majority reasoned that since Congress had made it plain that distinctions among generic felonies were irrelevant for purposes of the crime charged, the most the jury needed to know was that the admitted conviction fell within the class of crimes that Congress felt should bar a convict from possessing a gun. *Id.* at

---

triggers an obligation of the district court to eliminate the name and nature of the offense from the case. *United States v. Poore,* 594 F.2d 39, 40–43 (4th Cir.1979).

——, 117 S.Ct. at 655. Accordingly, the Court ruled the district court abused its discretion in denying Old Chief's offer to stipulate because the probative value of the disputed evidence was substantially outweighed by the danger of unfair prejudice to the defendant. *Id.*[5]

Here, however, a generic prior conviction was not involved. Under S.C.Code Ann. § 16–11–311(A)(2), prior burglary or housebreaking convictions are clearly an element of burglary in the first degree, unlike the generic prior felony conviction contained in the statute in *Old Chief.* Appellant was charged with burglary in the first degree because he had two prior convictions for burglary. Generic statements about his prior offenses by the solicitor would not have been possible. Even if the judge had required the State to "stipulate" that Hamilton had the legal status to be charged with first degree burglary, the jury would have known he had committed either two prior burglaries or housebreakings when they were instructed as to the elements of the crime, particularly where there was no evidence concerning any of the other elements necessary to elevate Hamilton's crime to burglary in the first degree. Indeed, there would have been a substantial gap in the evidence necessary for the jury to convict Hamilton of burglary in the first degree. As the Supreme Court noted in *Old Chief*:

> People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put

---

5. It appears that the United States Supreme Court may soon readdress this issue. On January 21, 1997, the Court granted certiorari from a decision of the United States Court of Appeals for the District of Columbia Circuit, which held that in a prosecution for possession of drugs with intent to distribute, bad acts evidence offered solely to prove the elements of intent and knowledge is inadmissible when the defendant offers to concede those elements. The court of appeals also remanded the case to the district court to redetermine whether the bad acts evidence's probative value was substantially outweighed by the danger of unfair prejudice. The Supreme Court vacated this decision and remanded the case for further consideration in light of *Old Chief v. United States,* —— U.S. ——, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). See *United States v. Crowder,* 87 F.3d 1405 (D.C.Cir.1996), *cert. granted and judgment vacated by* —— U.S. ——, 117 S.Ct. 760, 136 L.Ed.2d 708 (1997).

upon at being asked to take responsibility knowing that more could be said than they have heard.

—— U.S. at ——, 117 S.Ct. at 654.

■ Moreover, had the South Carolina General Assembly wished to use the prior convictions as merely a sentence enhancer rather than as an element of the crime, it could have done so. In light of the decision of the United States Supreme Court in *Old Chief,* the General Assembly may well wish to re-examine this issue. Certainly, a cogent argument can be made that the statute contravenes the well-established rule that evidence that an accused has committed other crimes is not admissible in the prosecution for the crime charged. Rule 404(b), SCRE; *State v. Gregory,* 191 S.C. 212, 220, 4 S.E.2d 1, 4 (1939); *State v. Williams,* 31 S.C.L. (2 Rich.) 418, 421–22 (1845). It is not this court's province, however, to question the wisdom of a legislative enactment.[6]

■ Finally, Appellant asserts it was error to allow proof of the prior burglary offenses because the evidence was not admissible under any of the exceptions recognized in *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923). Appellant's argument is misplaced, however, since the State did not offer proof of his prior burglary convictions to establish motive, intent, identity, or common scheme or plan. Here, Appellant's prior burglary convictions were presented solely to prove an element of the crime for which he was charged. Evidence which is logically relevant to a material element of the offense charged should not be excluded merely because it may also show guilt of another crime. *See State v. Tillman,* 304 S.C. 512, 518, 405 S.E.2d 607, 611 (Ct.App.), *cert. denied,* (Sept. 5, 1991).

■ When evidence of other crimes is admitted for a specific purpose, the trial judge should instruct the jury to limit its consideration of this evidence to the particular purpose for which it is offered. *State v. Johnson,* 306 S.C. 119, 126, 410 S.E.2d 547, 552 (1991), *cert. denied,* 503 U.S. 993, 112 S.Ct. 1691, 118 L.Ed.2d 404 (1992); *State v. Steadman,* 216 S.C. 579, 600, 59 S.E.2d 168, 178, *cert. denied,* 340 U.S. 850, 71 S.Ct. 78, 95 L.Ed. 623 (1950). Here, the trial judge carefully

---

6. Appellant has not challenged the constitutionality of S.C.Code Ann. § 16–11–311(A)(2) (Supp.1996).

instructed the jury on at least three occasions. These instructions required the jury to consider evidence of Appellant's prior convictions only in determining whether Appellant was guilty of one of the aggravating factors which would support first degree burglary. In addition, the trial judge admonished the jury not to consider the prior convictions as evidence of Appellant's bad character or as evidence that Appellant had acted in accordance with prior conduct. Under these circumstances, we find no error.

**AFFIRMED.**

CURETON and STILWELL, JJ., concur.