# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Respondent,

v.

Leslie Davis, Appellant.

Appellate Case No. 2019-000071

―――――――――――

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

―――――――――――

Opinion No. 5917
Heard February 17, 2022 – Filed June 15, 2022

―――――――――――

## AFFIRMED

―――――――――――

Appellate Defender Adam Sinclair Ruffin, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia; and Solicitor Jimmy A. Richardson, II, of
Conway, all for Respondent.

―――――――――――

**WILLIAMS, C.J.:** In this criminal appeal, Leslie Davis contends the trial court
erred in admitting evidence of his prior conviction for rape in the first degree,[1] an
element of criminal sexual conduct with a minor in the first degree (CSCM) under
section 16-3-655(A)(2) of the South Carolina Code (2015).  We affirm.

―――――――――――

[1] Davis's prior conviction occurred in Madison County, New York.

## FACTS/PROCEDURAL HISTORY

On March 14, 2016, Minor, an eight-year-old female, reported to her live-in babysitter that her father, Davis, was sexually assaulting her. The babysitter, Brooke Squires, testified that before school on March 14, she found Minor naked in her bed vomiting and decided to keep her home for the day. Later that afternoon, Minor told Squires about the sexual assault. Squires called 911, and two officers and an ambulance responded to Davis's residence. Squires further testified that several days prior, she found bloody underwear in Minor's room but threw them away when Minor stated the blood was from a cut.

Upon arrival at the hospital, Janet Moore, a sexual assault nurse, examined Minor and concluded Minor's labia majora was reddened; however, she did not show any bruising, cuts, or rashes on her body. Moore testified that her records did not reflect the presence of blood on Minor. Dr. Carol Rahter, an emergency physician and medical director of the Children's Recovery Center in Myrtle Beach, also examined Minor at the hospital. Dr. Rahter concluded Minor had a normal exam. Minor was also interviewed at the Myrtle Beach Children's Recovery Center. Dianne Nordeen, a forensic interviewer, videotaped the interview and testified at trial that Minor claimed she was raped from January 2016 until March 2016.

The Horry County Grand Jury indicted Davis for CSCM pursuant to section 16-3-655(A)(2). During a pretrial motion, Davis moved to suppress the introduction of his prior rape conviction and his obligation to register as a sex offender. Davis argued that section 16-3-655(A)(2) was unconstitutional because it deprived him of his fundamental right to a fair trial by requiring the introduction of exceedingly prejudicial evidence to prove an element of CSCM under the statute. He asserted the State could stipulate to his prior conviction, the court could rule on the conviction's existence, and the court could hold the evidence for sentencing if the jury found him guilty of the underlying sexual battery. The trial court denied Davis's motion to suppress, finding that under section 16-3-655(A)(2) his prior conviction had to be proven by the State beyond a reasonable doubt.

At trial, the State called the clerk of court for Madison County, New York, and he testified that Davis was convicted for "rape in the first degree" on October 21, 1986. The State also called a sergeant with the Horry County Sheriff's Office who stated Davis was required to register as a sex offender due to this prior conviction. After deliberations, the jury found Davis guilty as charged and the trial court sentenced him to thirty years' imprisonment. This appeal followed.

**ISSUE ON APPEAL**

Did the trial court err in admitting Davis's prior conviction for rape in the first degree and evidence of his obligation to register as a sex offender?

**STANDARD OF REVIEW**

An appellate court reviews a trial court's evidentiary rulings under an abuse of discretion standard and gives great deference to the trial court's ruling. *State v. Cross*, 427 S.C. 465, 473, 832 S.E.2d 281, 285 (2019). A trial court abuses its discretion when its conclusions either lack evidentiary support or are premised on an error of law. *Id.* "[T]he conduct of a trial is largely within the discretion of the presiding judge, to the end that a fair and impartial trial may be had." *Id.* (quoting *State v. Heath*, 232 S.C. 384, 391, 102 S.E.2d 268, 272 (1958)).

**LAW/ANALYSIS**

Davis contends the probative value of his prior rape conviction was substantially and unfairly outweighed by its prejudicial effect and argues the trial court could have remedied such a prejudicial effect by requiring the State to stipulate to its existence. We disagree.

Davis was indicted for CSCM pursuant to section 16-3-655(A)(2), which provides:

> A person is guilty of [CSCM] if:
> . . .
> (2) the actor engages in sexual battery with a victim who is less than sixteen years of age and the actor has previously been convicted of, pled guilty or nolo contendere to, or adjudicated delinquent for an offense listed in [s]ection 23-3-430(C) or has been ordered to be included in the sex offender registry pursuant to [s]ection 23-3-430(D).

Under subsection (A)(2), a prior conviction for a sex crime or an individual's mandated obligation to register as a sex offender is an element of CSCM. *See* § 16-3-655(A)(2). Our supreme court has noted that when a prosecutor chooses to try an individual for CSCM under this section, evidence of a prior conviction, as an element of the crime, has "insurmountable probative value." *Cross*, 427 S.C. at 474, 832 S.E.2d at 286. But, because of the inherently prejudicial stigma a prior

sex crime carries, the prejudicial effect of introducing evidence of such a prior crime is exceedingly high. *Id.* at 474, 478, 832 S.E.2d at 286, 288. The admissibility of a prior conviction for a sex crime "remains subject to [the] trial court's Rule 403 gatekeeping duty to determine whether and <u>when</u> that evidence should be admitted." *Id.* at 477, 832 S.E.2d at 287. Evidence of the prior crime is in no way probative of whether a defendant committed the current underlying sexual battery. *Id.* at 477, 832 S.E.2d at 287–88.

In *Cross*,[2] the defendant was charged with CSCM under section 16-3-655(A)(2). *Id.* at 474, 832 S.E.2d at 286. He claimed the State violated Rule 403, SCRE, by introducing his prior sex crime conviction before proving he was guilty of the sexual battery for which he was charged. *Id.* at 474, 832 S.E.2d at 286. The defendant argued that bifurcation of his trial—requiring the State to prove he was guilty of the underlying sexual battery before proving he was guilty of a prior sex crime—would sufficiently diminish the risk of excessive prejudice produced by the stigma a prior sex crime carries. *Id.* at 474–75, 832 S.E.2d at 286. The supreme court agreed and held that the probative value of the prior conviction, *at the time it was introduced*, was substantially outweighed by the risk of unfair prejudice to the defendant and bifurcation would have remedied such risks. *Id.* at 484, 832 S.E.2d at 291. However, the court also acknowledged that a defendant's prior conviction for a sex crime is admissible to prove the prior-conviction element of CSCM and that the state "must" be allowed to introduce it. *Id.*

In this case, Davis did not seek to bifurcate his trial into two proceedings like the defendant in *Cross*; Davis sought to force the State to stipulate to his prior conviction and thwart the State's ability to present his prior conviction to the jury. While *Cross* does not hold that bifurcation is the only remedy trial courts can employ to diminish the risk of unfair prejudice from the admission of a prior sex crime, we find forcing the State to stipulate to the prior crime element of section 16-3-655(A)(2) is incompatible with *Cross*'s holding. *Cross* states the risk of unfair prejudice a prior sex crime poses is exceedingly high *during the portion of trial the state seeks to prove a defendant sexually assaulted a minor*; however, evidence of a prior conviction for the sex crime is undeniably probative and admissible, and the State *must* be allowed to introduce it. *Id.* at 482–84, 832 S.E.2d at 290–91.

Moreover, when the existence of a prior conviction constitutes a statutory element of a crime, South Carolina appellate courts have refused to require the State to

---

[2] *Cross* was decided after Davis's trial.

accept a defendant's offer to stipulate to the conviction. *See State v. Hamilton*, 327 S.C. 440, 443, 486 S.E.2d 512, 513 (Ct. App. 1997) (stating that when the State is required to prove a prior conviction as an element of a crime it cannot be forced to accept a defendant's offer to stipulate); *State v. Anderson*, 318 S.C. 395, 399–400 & n.2, 458 S.E.2d 56, 58–59 & n.2 (Ct. App. 1995) (finding a defendant could not force the State to accept an offer to stipulate to prior convictions for driving under the influence and noting that a stipulation is an agreement containing mutual assent from the parties). Our appellate courts' disinclination to force the State to accept a defendant's offer to stipulate falls in line with the well-established principle that the State can prosecute an individual with what evidence it chooses. *See Old Chief v. United States*, 519 U.S. 172, 186–89 (1997) (stating the prosecution is entitled to prove its case free from a defendant's inclination to stipulate damning evidence away); *State v. James*, 355 S.C. 25, 34, 583 S.E.2d 745, 749 (2003) ("[T]he State cannot be forced to accept a defendant's stipulation to prior convictions because that would interfere with the State's right to prove its case with 'evidence of its own choosing.'" (quoting *Hamilton*, 327 S.C. at 445, 486 S.E.2d at 514)).

Finally, even if this court were to force the State to accept Davis's offered stipulation, such an agreement would not dampen the prejudicial effect of the prior conviction like bifurcation of the trial. The prior sex crime element under section 16-3-655(A)(2) does not involve generic prior convictions; it requires a specific conviction listed under section 23-3-430(C). Even if forced to accept Davis's stipulation that he was convicted of a specific sex crime, the State could not have proven Davis guilty of CSCM under section 16-3-655(A)(2) using general language about his prior offense. The jury would have known Davis was guilty of a prior sex crime when the trial court instructed them as to the elements of CSCM. *See Hamilton*, 327 S.C. at 446, 486 S.E.2d at 515 (stating that when a specific prior conviction is required to prove a statutory element, generic statements about the offense are not possible and the jury would learn about the prior conviction when it is instructed on the elements of the crime); *Cross*, 427 S.C. at 484, 832 S.E.2d at 291 (holding a defendant's conviction for a specific offense under section 23-3-430(C) is admissible to prove the prior-conviction element under section 16-3-655(A)(2) and *must* be introduced at trial (emphasis added)); *cf. Old Chief*, 519 U.S. at 191 (finding that when generic felonies are a statutory element of a crime, the probative value of the specific name and nature of an offense is substantially outweighed by the danger of unfair prejudice).

Because Davis did not seek to bifurcate his trial and a prior sex crime conviction is a statutory element of CSCM under section 16-3-655(A)(2), we find the trial court did not err in admitting Davis's prior conviction for rape in the first degree or

evidence that he was required to register as a sex offender. *See Cross*, 427 S.C. at 477, 484, 832 S.E.2d at 287, 291 (finding that a prior conviction for a crime listed in section 23-3-430(C) has insurmountable probative value in proving the prior conviction element of CSCM under section 16-3-655(A)(2) and must be introduced at trial). Therefore, we affirm the trial court's evidentiary ruling.

**CONCLUSION**

Accordingly, Davis's conviction is

**AFFIRMED.**

**KONDUROS and VINSON, JJ., concur.**